JOHN B. TAYLOR *vs.* THE TRUSTEES OF THE POOR OF NEW CASTLE COUNTY.

*Assumpsit—Contract—Breach of Contract—Cancellation of Contract—Payment into Court of Amount Due—Measure of Damages.*

1. The credit to be given to witnesses is a matter for the jury, and if there be a conflict of testimony, it is the duty of the jury to reconcile it if possible. If they cannot reconcile it, they should accept that which, under all the circumstances of the case, seems most worthy of credit.

2. In an action for damages for breach of contract, where it is shown that plaintiff was prevented by defendant from delivering bread to the defendant in pursuance of the contract, when the plaintiff had performed and was still ready to perform his part of the contract, the measure of damages would be whatever the plaintiff's net gain or profits would have been had he been permitted to perform the whole contract ; that is, furnish the bread for the entire quarter covered by the agreement.

3. If such contract was subject to a condition that defendant's superintendent might cancel the same, if the bread in his judgment should not be good, and in the exercise of such power he cancelled the contract, then the plaintiff cannot recover for the breach, no matter what was the quality of the bread, because the judgment of the superintendent when exercised would be final and conclusive.

(*February 20, 1899.*)

LORE, C. J., and PENNEWILL AND BOYCE, J. J., sitting.

*Howell S. England* for plaintiff.

*Edwin R. Cochran, Jr.,* for defendant.

Superior Court, New Castle County, February Term, 1899.

ACTION ON THE CASE (No. 122, February Term, 1898), to recover damages for the breach of a contract.

The declaration contained one special count, and the common counts for money paid out and expended, work and labor done, and goods, wares and merchandise sold.

The pleas were non assumpsit, payment, set off, statute of limitations and a special plea of tender.

The facts sufficiently appear in the charge of the court.

PENNEWILL, J., charging the jury :

Gentlemen of the jury :—In this action the plaintiff, John B. Taylor, seeks to recover from the defendant, The Trustees of the Poor, the sum of $88.03 for 3913 pounds of bread at two and one-quarter cents per pound, delivered to and accepted by the defendant in pursuance of a certain contract ; and also damages which he alleges he has sustained by reason of the breach of contract by said defendant. The plaintiff alleges that in pursuance of a proposal advertised in the "Every Evening," a newspaper published in this city, and which proposal has been read to you and is in evidence, he made a bid for the furnishing of bread to the defendant for the quarter beginning October 28th, 1896. The said bid is in evidence, and is in the following language : "Wilmington, Del., October 28th, 1896. To the Trustees of the Poor. Gentlemen : I will furnish you with good wheat bread at $2\frac{1}{4}$ cents per pound, and delivered at the almshouse." The plaintiff declares that this bid was accepted by the defendant without any condition or qualification whatever, and that there was no other or different contract between them ; that in pursuance of such agreement he delivered to the defendant good wheat bread in such quantities as the defendant's cook directed, beginning with the 29th day of October, 1896, and ending on the 14th day of November of the same year—the bread actually delivered amounted to the sum of $88.03—and that from and after said 14th day of November, 1896, he was prevented by the defendant from delivering any more bread, although he, the plaintiff, offered and attempted to continue such delivery, and tendered himself ready and willing to fulfill and carry out his part of the contract ; and that by being thus prevented from carrying out the contract he was damaged to the extent of about four hundred dollars. Such are the allegations of the plaintiff.

The defendant admits that the bid was made by the plaintiff as above stated, and that the same was accepted ; but with the following condition or qualification : "In awarding the contract

for the bread it was agreed that should the quality not be what the superintendent in his judgment considered good, he, the superintendent, should have power to cancel the contract and award the same to the next lowest bidder.'' This condition or qualification, the defendant contends, was in the form of a resolution adopted by the Board of Trustees at the time of the acceptance of the bid, and that the same was read to the plaintiff, and accepted or agreed to by him. The defendant further contends that the bread delivered by the plaintiff was as a general thing heavy, soggy and sour, unfit for the purpose for which it was delivered, and not in accordance with the agreement made between them ; but admits that bread to the amount of $89.62 was delivered by the plaintiff, and avers that such amount together with $12.66, the costs in the case accrued at the time, has been tendered to said plaintiff by payment into court in accordance with the provisions of law in that behalf. And the defendant further contends that it had the right and power to refuse to receive any more bread from the plaintiff, (1) because under the agreement the superintendent had a right to cancel the contract at any time the quality of the bread in his judgment was not good, and that in the exercise of that right he did cancel the contract, and (2) because the quality of the bread was not in accordance with the contract. Such are the allegations of the defendant.

Gentlemen of the jury, the testimony and all the facts in this case are entirely for your consideration and determination, and with them the court have nothing to do further than to state them, to show what are the issues in the case. The credit of the witnesses is also a matter exclusively within your province, and if there be a conflict of testimony it is your duty to reconcile it if you can ; but if you cannot reconcile it, you should accept that which under all the circumstances of the case seems most worthy of credit. The sole duty of the court is to declare to you the law that may be applicable to the facts proved, and it will then become your duty to apply that law to those facts.

If you believe, from the weight of the testimony, that the bid made by the plaintiff was accepted by the defendant without

the condition or qualification, as claimed by the defendant, and that the bread delivered was "good wheat bread," as he agreed in his bid it should be, and that he tendered himself ready and willing to perform his part of the contract, but was prevented by the defendant from doing so, and that the contract was cancelled by the defendant without his consent, then he would be entitled to recover for the breach of the contract such a sum as you believe from the testimony would compensate him for said breach. The measure of his damages would be, in that event, what his net gain or profits would have been had he been permitted to perform the whole contract ; that is, furnish the bread for the entire quarter covered by the agreement. If, however, you believe from the testimony that the bread delivered was not "good wheat bread" as the plaintiff agreed in his bid it should be, then he cannot recover for the breach of contract, because in such case he himself would have failed to perform his part of the contract, and the defendant would have had the right to cancel the same. And further, if you believe from the testimony that it was made a condition of the agreement by the defendant, that defendant's superintendent should have the power to cancel the contract, if the quality of the bread should in the judgment of said superintendent be considered not good, and that such condition was made known to the plaintiff, and accepted or agreed to by him, and in the exercise of such power the superintendent did cancel the contract, then the plaintiff cannot recover anything for the breach of the contract, no matter whether the bread was good or bad, or what may have been the quality thereof, because by such condition and its acceptance by the plaintiff, the superintendent would have been made the judge of the quality of the bread, and his judgment, when exercised, would be final and conclusive.

In the declaration of the plaintiff in addition to the count on the special contract, there are certain common counts, under which he would be permitted to recover any sum that may be due and owing to him for bread that was delivered to and accepted by the defendant. The defendant by his tender, evidenced by his payment of a certain sum of money into court, has admitted

that there is due and owing from the defendant to the plaintiff the sum of $89.62.

Even though, therefore, in your judgment the plaintiff should not be entitled to recover for the breach of the contract, he would nevertheless be entitled to recover the contract price for the bread delivered to and accepted by the defendant, to wit, the sum of $89.62, which amount the defendant admits to be due and owing to the plaintiff.

Verdict for plaintiff for $89.62.