ALLISON S. TRUITT and GEORGE R. TRUITT, trading as A. S. TRUITT & BRO., vs. PATRICK FAHEY.

*Case— Contract ; Breach of—Performance ; Prevention of—Readiness to Perform—Damages—Common Counts.*

1. Where the work and labor that was to be done under a contract has not in fact been done, the plaintiff must recover, if at all, on the agreement proved, because he cannot in such case recover on the common counts.

2. If one party to a contract tenders himself ready and willing to perform his part of the agreement, and is prevented from performing it by some act done or

omitted to be done by the other party thereto, the latter would be guilty of a breach of the contract, and the former would ordinarily be entitled to recover.

3. To entitle the plaintiff to recover, however, in such case, he must prove (1) a valid contract, reasonably definite and certain in its terms, (2) a breach thereof, and (3) the loss sustained in consequence of such breach.

4. The contract must be sufficiently certain and definite for the jury to understand its provisions; and the damages to be recovered for the breach must be shown with reasonable certainty, and not left to speculation or conjecture. The law takes no account of any damage which is not the natural and direct result of the breach of the contract, and which may not be capable of ascertainment from the testimony.

5. The damages for the breach of the contract would be the excess of the contract price for the work and labor, over and above what would be the actual cost thereof.

*( June 19, 1902.)*

LORE, C. J., and PENNEWILL, J., sitting.

*Artemas Smith* and *Martin E. Smith* for plaintiffs.

*C. W. Smith* and *S. S. Adams, Jr.,* for defendant.

Superior Court, New Castle County, May Term, 1902.

ACTION ON THE CASE (No. 30, November Term, 1900).

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—In this case the plaintiffs, trading as A. S. Truitt & Bro., seek to recover from Patrick Fahey, the defendant, damages alleged to have been sustained on account of the defendant's breach of contract made between the parties hereto on the first day of October, 1900, respecting Silver Run road in this county.

The plaintiffs contend, and claim to have proved, that the contract was for the filling in said road for a length of 3,000 feet, with a width of 25 feet and depth of 8 feet. They further contend that they were ready and willing to do the work they had

agreed to do, that is, perform their part of their agreement, and so notified the defendant. They also claim that when they notified the defendant of their readiness to commence the work, he told them he would notify them when they should begin, but that he in fact never did give them such notice, but on the contrary either did the work himself or procured others to do it. Hence they hold that such conduct or acts on the part of the defendant constituted a breach of the contract and prevented them from carrying out their part of the agreement, and that they are therefore entitled to recover in this action, as their damages, such sum as you believe from the preponderance of the evidence would be the excess of the contract price of the proposed work over the actual cost of the work had they in fact performed it.

The defendant contends that no contract has been proved in this case, or any testimony adduced, which would justify a recovery, or from which the jury would be enabled to reach any conclusion as to the assessment of damages against the defendant. He also claims that even if the plaintiffs had performed their part of the alleged contract, the cost of the work would have been such that no profit would have resulted to them therefrom, and for that reason they cannot recover.

If the plaintiffs can recover in this case, it must be on the contract agreement proved, and not on the common counts, because the work was not in fact done. If one party to a contract tenders himself ready and willing to perform his part of the agreement, and is prevented from performing it by some act done or omitted to be done, by the other party thereto, the latter would be guilty of a breach of the contract, and the former would ordinarily be entitled to recover damages therefor. To entitle the plaintiffs to recover in this action they must have proved to your satisfaction, (1) a valid contract, reasonably definite and certain in its terms; (2) a breach thereof, and (3) the loss sustained by the plaintiff in consequence of such breach. The contract must be sufficiently certain and definite for the jury to understand its provisions; and the

damages to be recovered for the breach must be shown from the evidence with reasonable certainty, and not left to speculation or conjecture. The law in such actions as this takes no account of any damage which is not the natural and direct result of the breach of the contract, and which may not be capable of ascertainment from the testimony.

*Benson vs. Mayor and Council of Wilm., 8 Houst., 365.*

If you believe from the preponderance of the evidence that there was such a contract entered into by the plaintiffs and defendant as is contended by the plaintiffs, and that the plaintiffs were prevented by the defendant from doing the work provided for by the contract, and shall also believe that the plaintiffs were themselves ready and willing to do the work as they had agreed to do, your verdict should be for the plaintiffs, provided you further believe that some profit would have resulted to them by performing the contract.

If, on the other hand, you should believe that no such contract was made, or that no profit would have resulted to the plaintiffs from a performance thereof, your verdict should be for the defendant.

If you should find for the plaintiffs your verdict should be for such sum as you believe from the testimony would be the excess of the contract price for the work over and above what would be the actual cost of said work.

Verdict for plaintiffs for six cents.