CHARLES W. PANCOAST, d. b. a., vs. EDGAR B. VAIL, p. b. r.

*Appeal—Contract—Damages for Failure to Accept and pay for
Crop of Corn—Tender—Measure of Damages.*

1. In an action for damages for failure to accept and pay for a crop of corn raised under an alleged agreement, if the jury believe the corn was raised, but there was no tender on the part of the plaintiff, and no refusal on the part of the defendant to receive it, they should find for the defendant.

2. If there was a time fixed for the planting of the corn and it was not planted at that time, but on some other day which was suggested by the plaintiff and agreed to by the defendant, it would be the same as if it were planted at the original date.

3. The measure of damages for refusal to accept and pay for the corn would be its value at the price agreed to be paid less whatever the corn was subsequently worth to the plaintiff, who kept it and who would be liable for whatever would be a fair value for it, using it for other purposes.

(*December* 4, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*William H. Cooper, Jr.*, for Appellant.

*T. Bayard Heisel* for Respondent.

Superior Court, New Castle County, November Term, 1906.
APPEAL from a judgment of a Justice of the Peace (No. 76, Feb. Term, 1906).

LORE, C. J., charging the jury:

Gentlemen of the jury:—The plaintiff in this case, Edgar B. Vail, claims damages for what he alleges to be a failure to accept and pay for a crop of sugar corn raised by him under an agreement with the defendant. The plaintiff claims that in the season of 1904, Charles W. Pancoast, the defendant, bargained with him to take from the platintiff for canning purposes the sugar corn that he would raise on ten acres of ground; that in pursuance of said agreement he planted five acres at one time and five acres more at another time; that all that was grown on the first five acres—first growth—was accepted and paid for by

the defendant, but that the replant corn grown on the first five acres and all grown on the second five acres when tendered by him to Pancoast was refused, and that the latter would neither receive nor pay for it. He claims that from the replant he raised five tons and from the second five acres he raised fifteen tons, making twenty tons, which he alleges under the agreement price of eight dollars a ton would amount to one hundred and sixty dollars, which amount he claims is justly due him together with interest thereon from the first day of January, 1905.

The defendant meets this claim with a denial on his part that he ever refused to receive and pay for the corn, or that it ever was tendered to him for such refusal and payment.

If you believe from the evidence in this case that that amount of corn was raised and there was no tender on the part of the plaintiff Vail and that Pancoast never did refuse to receive it but was ready to accept and pay for the corn when tendered to him in pursuance of the contract, your verdict should be in favor of the defendant. If, however, on the other hand, you believe that the residue of the corn raised on the ten acres that the defendant had not accepted and paid for was tendered to him and that he refused to receive it, and, either through himself or his agent directed the plaintiff not to deliver any more corn, then the defendant would be liable for damages for failure to comply with his contract. The measure of damages in such a case would be the value of the corn actually raised upon the last five acres and the replant of the first five acres, at the price he agreed to pay for it less whatever the corn was subsequently worth to the plaintiff, who kept it and would be liable for whatever would be a fair value for it, using it for other purposes.

We will say further, that if there was a time fixed in this case for the planting of the corn and it was not planted at that time, but on some other day which was suggested by the plaintiff and agreed to by the defendant, it would be the same as if it were planted at the original date.

The question narrows itself in this case to whether there was a tender and acceptance, or refusal to accept and pay for

the corn which is alleged by the plaintiff to have been raised and tendered. You have heard all the testimony germane to this point, and after carefully considering the same you are to determine which of these parties is entitled to your verdict.

Verdict for plaintiff for $178.40.