CAROLINE E. SPEAKMAN and CUMMINGS E. S. SPEAKMAN, trading under the firm name of MRS. PETERSON SPEAKMAN and SON, d. b. a., vs. JOHN PRICE, p. b. r.

1.  COSTS—APPEAL—TENDER.
    *Const. art.* 4, § 25, provides that at any time, pending an action for debt or damages, defendant may bring into court a sum of money to discharge the same, together with the costs then accrued, and, plaintiff not accepting it, if on final decision of the case he shall not recover a greater sum, he shall not recover any costs accruing after such payment, except where plaintiff is an executor or administrator.  *Held* that, where a payment is made under such section to a justice of the peace, that fact is not admissible on the trial of the case anew in the Superior Court on appeal.
2.  CONTRACTS—DEFINITION.
    In legal contemplation, a "contract" is an agreement between two or more persons on a sufficient consideration to do or not to do a particular thing.  To make a contract there must be an offer by one person for a sufficient consideration to do or not to do a particular thing, and there must be an acceptance by the other party of that offer, which offer and acceptance must be equally binding on both parties to the agreement, and must be to do or not to do a particular thing.
3.  SALES—CONTRACT—BUYER'S BREACH—DAMAGES.
    Where defendants agreed to purchase plaintiff's crop of tomatoes at a specified price per basket, but after accepting 90 baskets refused to receive any more, the measure of plaintiff's damage was the value of the crop actually grown at the price agreed on, less such amount as he received for tomatoes sold elsewhere.
4.  SALES—DELIVERY OF PROPERTY—REASONABLE VALUE.
    Where no contract is made to purchase property delivered to and accepted by the buyer, he is liable to the seller for the reasonable value thereof.

(*April* 26, 1911.)

PENNEWILL, C. J., and RICE, J., sitting.

*James H. Hughes* for appellant.

*John B. Hutton* for respondent.

Superior Court, Kent County, April Term, 1911.

APPEAL (No. 1, April Term, 1910) from a judgment rendered by a justice of the peace.

ACTION OF ASSUMPSIT to recover for the value of a tomato crop alleged to have been sold by John Price, the plaintiff, to Caroline E. Speakman and others, trading as Mrs. Peterson Speakman and Son, the defendants. The facts and questions presented appear in the charge of the court.

At the trial, the defendant was asked by his counsel the following questions: Q. Did you, at the time of, or just before, the trial, before a justice of the peace, pay into the justice's court an amount of money, twelve dollars and sixty cents and the interest up to that date, nineteen cents, and one dollar and sixty-six cents costs?" Objected to by counsel for plaintiff as irrelevant.

Counsel for defendant contended that the evidence was proper under *Section* 25, *Article* 4, *page* 27, of the *Constitution of the State of Delaware*.

Counsel for plaintiff contended *first*, that the evidence was irrelevant because any reference to what took place in the proceeding before the justice of the peace was inadmissible in the trial of the case above, which was a trial *de novo*.

*Second*, That the provision of the Constitution referred to applied only to actions in the Superior Court, and not before a justice of the peace; stating that there was no plea in the case of payment into court.

RICE, J.:—The section of the Constitution referred to reads as follows:

"At any time pending an action for debt or damages, the defendant may bring into court a sum of money for discharging the same, together with the costs then accrued, and the plaintiff not accepting the same, if upon the final decision of the cause, he shall not recover a greater sum than so paid into court for him, he shall not recover any costs accruing after such payment, except where the plaintiff is an executor or administrator."

We do not decide that that does not apply to the court of the justice of the peace, but we do hold, where a payment is made to a justice of the peace that that fact is not admissible when an appeal is taken to the Superior Court on that case. We sustain the objection.

"Q. What amount did you owe Mr. Price for tomatoes?

A. Twelve dollars and sixty cents. Q. That was at what time? A. When I got through canning, the first of November. Q. You testified that Mr. Price said that you would settle with Mr. Anthony, the justice of the peace. Did you ever pay any money to Mr. Anthony in pursuance of that transaction?" Objected to by counsel for plaintiff as immaterial.

RICE, J.:—It seems to the court that this money was paid to the justice of the peace to meet the requirement of *Section* 25 of *Article* 4 of the *Constitution* and was not an unqualified payment on this claim. We sustain the objection.

## PLAINTIFF'S PRAYERS.

*First.* That if the jury believe there was a sale of the tomato crop of the plaintiff below, to defendants below and the defendants below refused to permit the delivery of said crop or any part thereof, according to the terms of the agreement, that plaintiff is entitled to damages.

*Barr v. Logan,* 5 *Harr.* 52; *Gruell v. Clark,* 4 *Penn.* 321, 54 *Atl.* 985; *Hartnett v. Baker,* 4 *Penn.* 431, 56 *Atl.* 672.

*Second.* That the measure of damages in such case would be the difference between the contract price and the amount which plaintiff below received from said crop.

*Barr v. Logan,* 5 *Harr.* 52, (55); *Taylor v. Trustees of Poor,* 1 *Penn.* 555, 43 *Atl.* 613; *Pancoast v. Vale,* 6 *Penn.* 183, 65 *Atl.* 512.

*Third.* That the plaintiff is entitled in any event to a verdict for the value of the goods delivered and not paid for.

## DEFENDANT'S PRAYERS.

To entitle the plaintiff to recover he must prove to the satisfaction of the jury (1) a valid contract reasonably definite and certain in its terms; (2) a breach thereof; (3) the loss sustained by the plaintiff in consequence of such breach.

The contract must be sufficiently certain and definite for the jury to understand its provisions.

The damages must be shown from the evidence with reasonable certainty and not left to speculation or conjecture.

*Truitt & Bro. v. Fahey*, 3 *Penn.* 573 (575), 52 *Atl.* 339.

To constitute a contract there must be mutual promises and undertakings obligatory on both parties, and before the one can require the other to comply with his engagements he must be bound to fulfill his own obligations.

*Reed & Walker v. P., W. & B. R. R. Co.*, 3 *Houst.* 176 (204) *Truax v P. W. & B. R. R. Co.*, 3 *Houst.* 233 (238, 242, 243).

That in case of a contract for sale of goods the quantity to be sold must be specified, otherwise the contract will not bind beyond the goods actually delivered and accepted.

24 *Am. & Eng. Ency. of Law*, 1030; *Higby v. Rust*, 211 *Ill.* 333 (337), 71 *N. E.* 1010, 103 *Am. St. Rep.* 204; *McCaw Mfg. Co. v. Felder*, 115 *Ga.* 408 (410, 411), 41 *S. E.* 664.

That an inquiry as to the price that a person is paying for tomatoes with a reply simply stating the price, does not constitute a contract either to sell or to buy and neither party is bound.

That the law will not imply a contract when an express one is proved.

*Draper v. Randolph & Co.*, 4 *Harr.* 454 (456).

If no special contract is proved the plaintiff is not entitled to recover for tomatoes not accepted.

*Draper v. Randolph & Co.*, 4 *Harr.* 454 (456).

RICE, J., charging the jury:

Gentlemen of the jury:—This is an appeal from a judgment obtained before a justice of the peace.

John Price, the plaintiff, brings this action against Caroline E. Speakman and Cummings E. S. Speakman, trading and doing business under the firm name of Mrs. Peterson Speakman & Son, the defendants, for damages for what he alleges to be a failure of the defendants to accept and pay for a crop of tomatoes raised by the plaintiff and sold to the defendants under an agreement made between the plaintiff and defendants, or if there was no such contract existing between the parties, then for the value of

the tomatoes delivered by Price to the firm of Mrs. Peterson Speakman & Son, and by them received and not yet paid for.

The plaintiff claims that after several conversations during the spring and summer of 1909, with Mr. Cummings E. S. Speakman, a member of the firm, and one of the defendants to this suit, in which conversations Mr. Speakman inquired of the plaintiff, if he wanted to sell his tomato crop, and the plaintiff, in effect, replied that he did not at that time; that the plaintiff then on the eighteenth day of August, 1909, drove over to the plant of Mrs. Peterson Speakman & Son, with a load of ten baskets of tomatoes, that the plaintiff then and there said something about tomatoes, and Mr. Speakman replied in substance as follows: "I will give you fourteen cents a basket for your tomatoes." The plaintiff thereupon taking this to be a contract for the sale of his tomato crop, on that day and on two other days thereafter, he, the plaintiff, delivered to the defendants, and the defendants accepted, ninety baskets of tomatoes in all. That the defendants would not receive any more tomatoes from him, although he had more, which he offered to deliver and was prevented by the defendants from doing so, and was told not to deliver any more, and as a result of the defendants' refusal to receive his tomatoes he was obliged to sell elsewhere three hundred and fifty baskets of tomatoes at eight cents a basket, and the rest of his crop amounting on est mate to nine hundred and ten baskets were allowed to rot on the ground, while he was waiting for the defendants to accept them.

Under this contract as alleged by him, he claims payment for the ninety baskets of tomatoes the defendants accepted, and the difference between fourteen cents a basket and eight cents a basket for the three hundred and fifty baskets of tomatoes he sold elsewhere, and also payment at the rate of fourteen cents a basket for the nine hundred and ten baskets which rotted in the patch.

The plaintiff also claims that even if there was no such contract as he claims, that even then he is entitled to recover for the value of the tomatoes delivered by him to the defendants and by them accepted, and not paid for.

While the defendants admit at least one conversation between

Mr. Price and Mr. Speakman previous to the eighteenth day of August, 1909, and also in substance the conversation between the same parties on August eighteenth, yet the defendants contend that Mr. Speakman's statement that "I will give fourteen cents a basket for your tomatoes," did not have reference to Mr. Price's crop of tomatoes, nor did they intend that it should have any such reference, that in fact it only referred to, and he only did contract for the tomatoes the plaintiff had with him on August eighteenth and for such other tomatoes as the plaintiff would deliver to the defendants, on such other occasions as would be acceptable and convenient to the defendants, at the time of delivery.

The defendants admit receiving tomatoes from the plaintiff on three different occasions, amounting in all to ninety baskets, and claim that it was convenient for them to accept them on those days; that when they found that they had all the tomatoes they could, at the time, handle, as a courtesy to Mr. Price they advised him not to deliver any more tomatoes to them.

From the evidence in this case we will say to you that it appears that the ninety baskets of tomatoes delivered and accepted have not been paid for.

For you to determine this question, other than the ninety baskets referred to, you must first decide whether there was or was not a contract or agreement between the parties to this suit. If you decide there was a contract then you must decide what were the terms of the agreement.

[2] In legal contemplation a contract is "an agreement between two or more persons, upon sufficient consideration, to do or not to do a particular thing." In other words to make a contract there must be an offer, by one party, for a sufficient consideration, to do or not to do a particular thing, and there must be an acceptance, by the other party, of that offer, and this offer and acceptance must be equally binding upon both parties to the agreement, and must be to do or not to do a particular thing.

In order to determine whether there was or was not a contract between the plaintiff and defendants, you should consider all the negotiations, conversations and dealings of the parties in respect to the subject matter involved in this suit.

[3] If you believe from all the evidence in this case that there was a contract for the crop of tomatoes of the plaintiff, and the defendants would not receive the crop of tomatoes other than the ninety baskets, then the defendants would be liable for damages for failure to comply with their contract. The amount of damages would be the value of the crop of tomatoes actually grown, at the price agreed upon, less such amount as he received from the tomatoes sold elsewhere.

If, however, on the other hand, you believe that there was a contract, but as claimed by the defendants it was only for the sale of tomatoes actually delivered by the plaintiff and received by the defendants, then the plaintiff is only entitled to recover at the rate of fourteen cents a basket for the tomatoes actually received by the defendants from the plaintiff.

[4] We will say to you that even if, on account of the parties not agreeing to do a particular thing, you find that no contract did exist between them, then and in this event the plaintiff is entitled to recover for the value of the tomatoes delivered by him to the defendants and accepted by the defendants, and not paid for.

Where there is a conflict in the testimony as there is in this case, it is your duty to reconcile it if you can, but if you cannot, then you should give credit to that which you think is most worthy of belief under all the circumstances of the case.

Verdict for plaintiff.