FILED

FEB 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIG RETIREMENT SERVICES, INC., f/k/a SUNAMERICA, Inc.<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ALTUS FINANCE S.A., a corporation organized under French law,<br><br>Defendant,<br>and<br><br>AURORA S.A., a corporation organized under French law; ARTEMIS S.A., a corporation organized under French law; ARTEMIS FINANCE S.N.C., a entity doing business under French law; CDR ENTERPRISES, a corporation organized under French law; CONSORTIUM DE REALISATION S.A., a corporation organized under French law; MAAF ASSURANCES, a mutual insurer organized under French law; MAAF VIE S.A., a corporation organized under French law; CREDIT LYONNAIS S.A., a corporation organized under French law,<br><br>Defendants-Appellees. | Nos. 07-56019<br><br>D.C. No. 2:05-cv-01035-JFW<br><br>MEMORANDUM *|

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| AIG RETIREMENT SERVICES, INC., f/k/a SUNAMERICA, Inc., | No. 07-56679 |
|---|---|
| Plaintiff-Appellant. | D.C. No. 2:05-cv-01035-JFW |
| v. | |
| ALTUS FINANCE S.A., a corporation organized under French law; AURORA S.A., a corporation organized under French law; ARTEMIS S.A., a corporation organized under French law; ARTEMIS FINANCE S.N.C., a entity doing business under French law; CDR ENTERPRISES, a corporation organized under French law; CONSORTIUM DE REALISATION S.A., a corporation organized under French law; MAAF ASSURANCES, a mutual insurer organized under French law; MAAF VIE S.A., a corporation organized under French law; CREDIT LYONNAIS S.A., a corporation organized under French law, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted September 3, 2009
Pasadena, California

2

Before: FISHER and GOULD, Circuit Judges, and ENGLAND, District Judge.[**]

Plaintiff AIG Retirement Services, Inc. ("AIG"), timely appeals from the district court's grant of Defendants' motions to dismiss and motions for summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm in part and reverse in part.

"We review de novo the district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002) (internal citations omitted). Nevertheless, "we may affirm the district court's dismissal on any ground supported by the record." Gemtel Corp. v. Cmty. Redevelopment Agency, 23 F.3d 1542, 1546 (9th Cir. 1994) (internal citations omitted). We also review de novo the district court's grant of summary judgment. Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc).

First, the district court prematurely dismissed AIG's breach of the implied covenant of good faith and fair dealing claim. AIG adequately alleged that even though the MAAF Defendants transferred their New California shares to a "permitted transferee" under the Stockholders Agreement, because Defendants

_____

[**] The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

3

knew Artemis could only fraudulently and unlawfully obtain regulatory approval to hold those shares, the transfer nevertheless circumvented AIG's contractual right of first refusal. Since the implied covenant has been recognized as requiring that contractual duties be performed consistently with applicable laws and regulations, Koval v. Peoples, 431 A.2d 1284, 1286 (Del. Super. Ct. 1981), and in good faith, Dunlap v. State Farm Fire and Cas. Co., 878 A.2d 434, 442 (Del. 2005), AIG adequately stated a claim for breach of the implied covenant. Defendants' argument that AIG's damages are unduly speculative is similarly premature. Cf. Truitt v. Fahey, 52 A. 339 (Del. Super. Ct. 1902) (finding damages speculative after trial). Thus, the district court's dismissal of AIG's breach of the implied covenant claim is reversed.

Likewise, the district court prematurely granted Defendants' motions for summary judgment as to AIG's fraud claim. AIG relied on three distinct theories in pursuit of its instant claim: 1) "defrauded bidder," 2) "defrauded purchaser," and 3) "defrauded holder of a right of first refusal." Although the district court properly rejected AIG's "defrauded purchaser" claim, the law and the undisputed facts favor denial of summary judgment as to AIG's remaining theories.

As a threshold matter, AIG contends that the district court erred when it excluded the testimony of AIG's expert witness, Karl L. Rubinstein, former

4

counsel to the California Insurance Commissioner. We review the district court's decision for an abuse of discretion, Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142-43 (1997), and find no such abuse here. The district court acted well within its authority when it determined that AIG's proffered evidence was inherently unreliable. See Fed. R. Evid. 702(2) (requiring the use of "reliable principles and methods"); Kumho Tire Co. v. Carmichael, 526 U.S. 137, 156 (1999) (looking to whether an expert's method has "general acceptance" in a "relevant expert community"). Thus, the district court's exclusion of the testimony of AIG's expert witness is affirmed.

On the merits, the district court improperly determined that the damages sought under Plaintiff's "defrauded bidder" claim were governed by California Civil Code § 3343. Section 3343 articulates the available damages for "[o]ne defrauded in the purchase, sale or exchange of property." However, AIG was allegedly defrauded, not into a purchase or sale governed by § 3343, but instead into entering a joint bid with Defendants, a venture AIG alleges it never would have undertaken but for Defendants' false statements as to, *inter alia*, Defendants' own identities and owners. See City Solutions Inc., v. Clear Channel Communications, Inc., 365 F.3d 835, 839 (9th Cir. 2004).

Moreover, any attempt by Defendants to characterize their fraud as one intended to induce AIG to purchase New California is not well taken because AIG's purchase of its New California shares was merely incidental to the actual goal of Defendant's underlying fraud, which was to induce AIG to join Defendant's bid. Stated another way, at its most basic, the substantive fraud, as alleged in this case, occurred when Defendants induced Plaintiff to join their bid, and all subsequent actions were consequences of that decision, logical steps taken in the furtherance of the original fraud in the bidding. Accordingly, AIG's damages under its instant fraud theory are governed by California's general fraud provision, Civil Code § 3333, which permits the recovery of lost profits.

Despite the possible existence of many alleged contingencies, the occurrence of which Defendants argue AIG would be called upon to prove at trial, the district court also erred when it prematurely determined that AIG's sought-after damages were impermissibly speculative. See City Solutions, 365 F.3d at 841. The district court similarly erred when it treated AIG's admissions as to justifiable reliance, or lack thereof, as conclusive. See, e.g., Huey v. Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996) (quoting Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., 32 F.2d 195, 198 (2d Cir. 1929)). Thus, triable issues of fact remain as to AIG's ability to prove its damages to a reasonable certainty and as to whether AIG

6

justifiably relied on Defendants' fraud. The district court erred in holding to the contrary, and its grant of summary judgment as to AIG's "defrauded bidder" fraud claim is reversed. For the same reasons, the district court's grant of summary judgment as to AIG's "defrauded holder of a right of first refusal" theory is reversed and remanded as well.

Nevertheless, the district court properly rejected AIG's "defrauded purchaser" theory because AIG lacks standing to bring what is in actuality a derivative claim. See Jones v. H.F. Ahmanson & Co., 1 Cal. 3d 93, 106 (1969) ("[T]he action is derivative . . . if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders . . . .") (internal citations and quotations omitted). Accordingly, the district court's grant of Defendants' motions for summary judgment as to Plaintiff's fraud claim is reversed as to the "defrauded bidder" and "defrauded holder of a right of first refusal" claims and is affirmed as to AIG's "defrauded purchaser" claim.

The district court also properly rejected AIG's unjust enrichment remedy because, in light of the above reversals of AIG's breach of contract and fraud claims, recovery under an unjust enrichment theory is prohibited as duplicative. See Ramona Manor Convalescent Hosp. v. Care Enterprises, 225 Cal. Rptr. 120,

7

130-31 (Cal. Ct. App. 1986); see also Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) (citing Wal-Noon Corp. v. Hill, 119 Cal. Rptr. 646, 651 (Ca. Ct. App. 1975))

With regard to the last substantive claims, the district court prematurely dismissed AIG's interference with contract and with prospective economic advantage claims by resolving several contested factual issues on the pleadings.[1] Specifically, the district court improperly concluded that: 1) AIG had admitted in earlier pleadings to having actual knowledge of its interference claims prior to entering the tolling agreements, 2) AIG was on inquiry notice of its interference claims prior to entering those agreements, and 3) AIG's sought-after damages were impermissibly speculative. Accordingly, the district court's dismissal of Plaintiff's interference claims is reversed and remanded.

Finally, in light of the reversal of AIG's interference claims, the Artemis Defendants are no longer prevailing parties under the fee provision of the Stockholders Agreement. Moreover, even if the Artemis Defendants were prevailing parties, the contract language providing for fees to be awarded "[i]n any suit to enforce the provisions" of the Agreement is simply too narrow to

---

[1] Because the district court's dismissal of Plaintiff's breach of implied covenant claim is reversed, there is no need to address Defendants' argument that the inference with contract claim fails with the underlying contract claim.

8

encompass fees incurred as a result of the claims brought by Plaintiff here.  Thus, the district court's award of attorneys' fees is also reversed.   Each party shall bear its own costs on appeal.

**AFFIRMED IN PART AND REVERSED IN  PART AND REMANDED.**

*AIG Retirement Services, Inc. v. Altus Finance S.A.*, No. 07-56019+

RAYMOND C. FISHER, Circuit Judge, concurring in part, dissenting in part:

Although I join most of the disposition in this case, I respectfully disagree with my colleagues' conclusions concerning AIG's "defrauded holder of a right of first refusal" and unjust enrichment claims. I believe AIG cannot recover under its defrauded holder theory and can maintain a separate claim for unjust enrichment.

I.

The majority treats the "defrauded holder of a right of first refusal" claim as functionally identical to the "defrauded bidder" claim, reinstating the former "[f]or the same reasons" that it reinstated the latter. This cursory discussion overlooks the factual basis of the defrauded holder claim, which has nothing to do with a bidding process. California Civil Code section 3343 applies to the defrauded holder claim. Consequently I would hold that summary judgment was warranted because AIG could not recover damages.

California Civil Code section 3343 severely limits the availability of lost profits damages to "[o]ne defrauded in the purchase, sale or exchange of property." Cal. Civ. Code § 3343(a)(4). *City Solutions Inc. v. Clear Channel Communications, Inc.* (*City Solutions II*), cited by the majority, excludes bidding processes from "purchase, sale or exchange." 365 F.3d 835, 839 (9th Cir. 2004). The transaction at the core of the defrauded holder claim, however, is the sale of

two-thirds of the New California Holdings Corporation. AIG claims that it would have been able to purchase this equity but for defendants' fraud. The majority does not explain how this claim is the "same" as a claim arising out of a joint bid.

The California Court of Appeal's decision in *Kenly v. Ukegawa* demonstrates why section 3343 applies to the defrauded holder claim. 19 Cal. Rptr. 2d 771, 773 (Ct. App. 1993). The court explained, "An examination of the language of section 3343 supports the conclusion that [a defrauded party] is not entitled to lost profits on a property he never acquired" because even though the property was never acquired, it is still the subject of a proposed purchase, sale or exchange. *Id.* at 775. The majority has made no attempt to distinguish *Kenly* from AIG's claim to have been defrauded out of a right to acquire the two-thirds of New California held by the MAAF defendants, nor could it successfully do so.

## II.

The majority holds that AIG's equitable claim of unjust enrichment is prohibited as duplicative. Again, I respectfully disagree. An unjust enrichment theory is not necessarily duplicative of AIG's surviving legal claims, and AIG is permitted to plead alternative theories of relief. Therefore, I would reverse the district court's summary judgment on the unjust enrichment claim.

"The right to maintain an action for restitution . . . is largely the product of

2

imperfections in the tort remedies." *Ramona Manor Convalescent Hospital v. Care Enterprises*, 226 Cal. Rptr. 120, 130 (Ct. App. 1986) (quoting Restatement (First) of Restitution § 3 cmt. a (1937) (emphasis removed)). As just one example, because California has statutorily limited damages in fraud actions concerning the purchase of property, should AIG prove its defrauded holder allegations, it may turn to equity to prevent "unjust retention of the benefit" of the fraud. *See, e.g., Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Ct. App. 2000). Unjust enrichment provides an additional method of recovery for a plaintiff who proves a bad act but has no remedy at law. As we vacate and remand substantial portions of this case for further proceedings, the majority's assumption that AIG will have an adequate remedy at law is premature.

The majority cites to two cases, both of which are inapposite. In *Ramona Manor*, the California Court of Appeal held that a claim of equitable restitution does not authorize double recovery. 225 Cal. Rptr. at 129-30. However, the bar on double-recovery does not come into play until a party has successfully proven a legal theory at trial. *See id.* at 1138. We cannot assume that AIG will succeed on any of its legal claims; AIG has a long road between our ruling and a favorable verdict. In *Paracor Finance, Inc. v. General Electric Capital Corp.*, we held that an unjust enrichment claim "does not lie when an enforceable, binding agreement

3

exists defining the rights of the parties." 96 F.3d 1151, 1167 (9th Cir. 1996) (citing, *inter alia*, *Wal-Noon Corp. v. Hill*, 119 Cal. Rptr. 646, 650-51 (Ct. App. 1975)). Although the shareholder agreement governed the relationship between AIG and the MAAF defendants, there was no "binding agreement" with the Altus and Artemis defendants. Therefore AIG may still assert an equitable claim concerning its indirect dealings with Altus and Artemis.