John W. GOMPPER, Jr., Plaintiff,

and

Esther Sefaradi; John Stewart Morton; Richard Demmitt; Herbert Johnson, Plaintiffs-appellants,

v.

VISX, INC.; Mark B. Logan; Elizabeth H. Davila; James W. McCollum; David M. Patino; Timothy R. Maier; Kina Lamblin, Defendants–Appellees.

No. 01–15450.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2002.

Filed Aug. 5, 2002.

Sanford Svetcov, Esq., San Francisco, CA, for the appellants.

Boris Feldman, Esq., Palo Alto, CA, for the appellees.

Before BRUNETTI, LEAVY and T.G. NELSON, Circuit Judges.

## OPINION

BRUNETTI, Circuit Judge.

The issue before us is whether the complaint in this securities fraud class action states a claim under the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(b)(1), (2). The district court held that it did not, and dismissed the complaint without leave to amend. The plaintiffs appeal, and we affirm.

## I. BACKGROUND

This action is brought under §§ 10(b), 20(a) and 20A of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), 78t–1. Plaintiffs are individuals who purchased VISX, Inc. ("VISX") stock during the class period. The defendants are VISX, and various individuals who are either officers, directors, or both. We summarize the facts from the complaint, and assume these facts to be true for the purpose of our decision.

VISX develops and sells laser vision-correction devices. Prior to February 22, 2000, VISX charged a $250 fee for each use of its patented excimer laser system (the "per procedure fee"). In early 1999, Nidek, a Japanese competitor, obtained FDA approval to sell its products in the United States. Nidek did not charge a per procedure fee and therefore presented a tremendous competitive threat to VISX. In response, VISX immediately filed a patent infringement suit in the U.S. District Court for the Northern District of California.

Within days of filing that suit, VISX brought a similar action against Nidek before the International Trade Commission ("ITC"). After a two-week trial in August 1999, an ITC administrative law judge ruled in Nidek's favor. In an order entered in December 1999, the administrative law judge determined that Nidek's products did not infringe on VISX's patents, and further concluded that one of VISX's core patents was invalid because the patent applicant, Dr. Trokel, had failed to name a co-inventor, Dr. Srinivasan.

A little over two months later, on February 22, 2000, VISX publicly announced,

that as part of a new business strategy, it was reducing its per procedure fee to $100. VISX's stock plummeted, and plaintiffs brought this action. Plaintiffs allege each defendant is liable for making false statements or for failing to disclose adverse facts while selling VISX stock and participating in a fraudulent scheme.

The class period begins on March 1, 1999, the date VISX announced anticipated First Quarter Fiscal Year 1999 results, and ends February 22, 2000, the date VISX announced it was reducing its per procedure fee. Plaintiffs argue that during this period defendants made positive statements about VISX's business and its patent portfolio in order to artificially inflate the stock price. The thrust of the complaint is that these statements were false or misleading because defendants knew there was no basis for their core patent claims and thus, the revenue projections. Without a valid patent portfolio, plaintiffs argue, VISX could not possibly maintain its lucrative per procedure fee, and, thus could not deliver on the stated revenue projections. The complaint alleges that defendants had this knowledge during the class period, but engaged in false public rhetoric in order to inflate stock prices and benefit from their own massive insider trading before the truth was revealed.

## II. DISCUSSION

### A. Standard of Review

We review de novo the district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 983 (9th Cir.1999). On review, we accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs. *Id.*

### B. Private Securities Litigation Reform Act of 1995

■ The PSLRA significantly altered pleading requirements in private securities fraud litigation by requiring that a complaint "plead with particularity both falsity and scienter." *Ronconi v. Larkin,* 253 F.3d 423, 429 (9th Cir.2001). A securities fraud complaint must now "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. 78u–4(b)(1). Further, the complaint must "state with particularity facts giving rise to a *strong* inference that the defendant acted with the required state of mind." 15 U.S.C. 78u–4(b)(2) (emphasis added); *see also Silicon Graphics,* 183 F.3d at 974 (facts must come closer to demonstrating intent, as opposed to mere motive and opportunity). Thus, the complaint must allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness. *See Silicon Graphics,* 183 F.3d at 985.

### C. Sufficiency of the Complaint under the PSLRA

■ As stated above, the gravamen of plaintiffs' cause is that defendants intentionally or recklessly misrepresented the truth when they made optimistic statements about VISX's future earnings and growth because they knew its patents were invalid, and, as a result, also knew that VISX could not possibly hope to maintain its current practice of charging $250 per procedure. Though the complaint adequately demonstrates the defendants were unquestionably aware of Dr. Srinivasan's claim against one of their core patents, in the end it fails to demonstrate the

link between awareness of the claim and knowledge that the patents were therefore invalid. *See Ronconi,* 253 F.3d at 430 (no facts alleged that would support inference that corporation's optimistic predictions were known to be false or misleading at the time defendants made them); *accord City of Philadelphia v. Fleming Co.,* 264 F.3d 1245, 1265 (10th Cir.2001) (evidence in complaint must lead to the conclusion that company and officers must have known that litigation against it would be meritorious in the end).

To the contrary, the facts alleged in the complaint indicate that VISX and its officers fervently believed in the viability of the patent portfolio, and litigated its defense with ferocity. Thus, we agree with the district court's thorough analysis and ultimate conclusion that the facts alleged by plaintiffs are not sufficient to satisfy the strong inference of defendants' knowledge, as required by the PSLRA. *See Ronconi,* 253 F.3d at 430 (facts must show insiders knew, at the time they made the statements, about the negative event the complaint claims would occur in the future).

Though we would normally have concluded our business by aligning ourselves with the district court, the plaintiffs raise an additional legal question that warrants address. Specifically, plaintiffs raise the issue of inferences and who is entitled to them at this procedural stage. The resolution of this matter requires a reconciliation between established law which attaches at this procedural stage, and the PSLRA's heightened requirement that a complaint plead facts evincing a strong inference of scienter in order to survive a motion to dismiss.

D. Inferences

On a motion to dismiss, the reviewing court must accept plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Silicon Graphics,* 183 F.3d at 983; *accord Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (dismissal of complaint improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Under the PSLRA, the court ultimately reviews the complaint in its entirety to determine whether the totality of facts and inferences demonstrate a strong inference of scienter. *Silicon Graphics,* 183 F.3d at 985. As plaintiffs point out, an inevitable tension arises between the customary latitude granted the plaintiff on a motion to dismiss under *Fed. R.Civ.P.* 12(b)(6), and the heightened pleading standard set forth under the PSLRA.

On appeal, plaintiffs argue the district court erred by considering inferences unfavorable to their case. At oral argument, plaintiffs' counsel characterized their position as follows: if the facts as pled give rise to a reasonable and warranted inference of scienter, then the court must accept this inference entirely, without consideration of competing negative inferences, even where, under the circumstances, those competing inferences may be equally or more plausible. Though plaintiffs argue forcefully, we cannot accept this position in light of Congress's more forceful mandate that a complaint in a securities fraud action must simply state more in order to prevail on a motion to dismiss.

To accept plaintiffs' argument that the court is required to consider only inferences favorable to their position would be to eviscerate the PSLRA's strong inference requirement by allowing plaintiffs to plead in a vacuum. For example, the complaint sets out in great detail VISX's tendency to sue its competitors for patent

infringement.[1] Plaintiffs argue that one reasonable and warranted inference one could draw from VISX's litigation pattern is that VISX knew its patents were invalid and, consequently, engaged in an aggressive strategy of intimidation through litigation. In effect, the best defense is a good offense. Since this inference is reasonable and warranted, the argument goes, the court should accept it, and refuse to consider any other equally plausible negative inferences that could be drawn from the same set of facts.

Of course, it is equally if not more plausible that VISX consistently initiated litigation in defense of its patents because it and its officers believed the patents were valid, and recognized that the very survival of VISX's business model was contingent on the technology protected by these patents. Consideration of this inference quite clearly impedes the plaintiffs' progress toward building the requisite strong inference of scienter.

This is precisely why the plaintiffs cannot succeed in their argument. Such a result would allow all plaintiffs who engage in careful, measured pleading to demonstrate a strong inference of scienter, because district courts would only be allowed to consider reasonably drawn inferences that favor the plaintiffs. Such an analysis would thwart Congress's basic purpose in raising the bar in the first place; namely, to eliminate abusive and opportunistic securities litigation and to put an end to the practice of pleading fraud by hindsight. *See Silicon Graphics*, 183 F.3d at 988.

■ Because we believe Congress made it crystal clear that the PSLRA's pleading requirements were put in place so that only complaints with particularized facts

giving rise to a strong inference of wrongdoing survive a motion to dismiss, we agree with the district court that when determining whether plaintiffs have shown a strong inference of scienter, the court must consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs. District courts should consider all the allegations in their entirety, together with any reasonable inferences that can be drawn therefrom, in concluding whether, on balance, the plaintiffs' complaint gives rise to the requisite inference of scienter.

This approach is consistent with that currently being utilized in the Ninth Circuit. *See Ronconi*, 253 F.3d at 432 *citing Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir.1999). In *Yourish*, plaintiffs claimed that defendants' statement that it knew it was not going to repeat some very heavy shipments was an admission that its earlier statements projecting strong sales were false. *Yourish*, 191 F.3d at 996. There, the court rejected the argument because not repeating heavy shipments was not necessarily inconsistent with having strong sales. *See Ronconi*, 253 F.3d at 432. In effect, the *Yourish* court took into consideration the existence of other plausible inferences; namely, that failure to repeat shipments may not necessarily affect sales at all. *See also Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir.2001) (en banc), *cert. dismissed*, — U.S. —, 122 S.Ct. 2616, 153 L.Ed.2d 800 (2002) (PSLRA's strong inference requirement "means that plaintiffs are entitled only to the most plausible of competing inferences.").

E. Leave to Amend

■ Additionally, plaintiffs argue it was error for the district court to dismiss

---

**1.** Indeed, plaintiffs' action is based in large part on VISX's suit against Nidek, a Japanese competitor and recent market entrant, in both

federal court and the FTC, and the proceedings that stemmed therefrom.

their complaint without leave to amend. Denial of leave to amend is reviewed for an abuse of discretion. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir.2000), *cert. denied*, 533 U.S. 950, 121 S.Ct. 2592, 150 L.Ed.2d 751 (2001). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

The district court's dismissal with prejudice was not error. The district court repeatedly offered to postpone hearing VISX's motion to dismiss if plaintiffs wished leave to amend to include additional facts relevant to their complaint. Plaintiffs refused. Nevertheless, the district court carefully considered and incorporated into its analysis any facts offered by plaintiffs, even those beyond the complaint. We agree with the district court that these extra facts do not contribute to a showing of scienter in any meaningful way, and that leave to amend would have been a futile exercise. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998) (leave to amend need not be granted when amendment would be futile).

## III. CONCLUSION

For the reasons given above, we AFFIRM the district court's dismissal of the securities fraud class action against VISX and the individual defendants.