Francis M. SAEGER, Trustee of the Saeger Trust, on behalf of himself and all others similarly situated, Plaintiff—Appellant,

v.

PACIFIC LIFE INSURANCE COMPANY, a California corporation, Defendant—Appellee.

No. 02–56959.
D.C. No. CV–02–00314–AHS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided March 30, 2004.

Larry A. Sackey, Esq., Robert A. Ackley, Esq., Law Offices of Herbert Hafif, Claremont, CA, Larry A. Sackey, Esq., Sackey and Associates, Los Angeles, CA, for Plaintiff–Appellant.

David L. Bacon, Esq., Thelen Reid & Priest, Los Angeles, CA, for Defendant–Appellee.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

■ Francis Saeger ("Saeger"), as Trustee of the Saeger Family Trust, appeals the district court's order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing his first amended complaint without leave to amend.[1] The district court had federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Saeger's securities fraud class action. We have jurisdiction pursuant to 28 U.S.C. § 1291 over the final order of the district court. This court reviews de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Gompper v. VISX, Inc.,* 298 F.3d 893, 895 (9th Cir.2002). A district court's denial of leave to amend is reviewed for abuse of discretion. *Id.* at 898.

Because the parties are familiar with the facts, we do not recite them in detail except as necessary. Saeger's First Amended Complaint ("FAC") alleges that Pacific Life Insurance Company violated federal securities law by making materially misleading statements in its prospectus and policy documents with respect to certain deductions from gross premiums received from Saeger for "federal tax charges." Pacific Life applied Saeger's premium, net of the "federal tax charges" and other premium loads, to the investment funds Saeger specified when he purchased the single premium life insurance policy. The total amount allocated to Saeger's investment choices was less than it would have been had Pacific Life not deducted the "federal tax charge."

■ To plead a securities fraud under Section 10(b) of the Securities Exchange Act of 1934 ("Securities Act") or Rule 10b–5, a plaintiff must allege: "(1) a misstatement or omission (2) of material fact (3) made with scienter (4) on which [he] relied (5) which proximately caused [his] injury." *DSAM Global Value Fund v. Altris Software, Inc.,* 288 F.3d 385, 388 (9th Cir. 2002); 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5.

Under the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA"), the plaintiff must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading [and] state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(1)–(2). The PSLRA requires a plaintiff to "state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent." *In re Silicon Graphics, Inc. Securities Litigation,* 183 F.3d 970, 979 (9th Cir. 1999).

Saeger's FAC adequately alleges the elements of a Securities Act fraud, even under the heightened pleading standards of the PSLRA. The FAC alleges that the location and phrasing of Pacific Life's de-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Saeger also appeals the district court's order denying remand and dismissing his original complaint, which alleged only state law causes of action, as preempted under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(b)-(c) and 78bb(f)(1)-(2). Saeger's First Amended Complaint did not reallege his state law causes of action. "[A]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.... If appellant desired to rely upon the original complaint, it should have refused to plead further." *Marx v. Loral Corp.,* 87 F.3d 1049, 1055 (9th Cir.1996) (citation and internal quotation marks omitted). Because Saeger has waived his state law causes of action, we do not reach his argument that the district court erred in exercising jurisdiction and dismissing his original complaint under SLUSA.

scription of the premium deduction for "federal tax charges" is materially misleading because it implies that Pacific Life pays a federal excise tax on premiums collected, much like the California gross premium tax.

Indeed, counsel for Pacific Life conceded at oral argument that the FAC stated its allegations with sufficient specificity, but contended that as a matter of law the allegations of falsity and materiality failed.[2] Pacific Life's position is that no reasonable investor could have understood the "federal tax charges" language of the policy and prospectus to mean there was an actual federal excise tax charge on the gross premium.

■ The district court agreed and dismissed the FAC without leave to amend. The district court "conclud[ed] that the alleged misrepresentations by Pacific Life concerning a 'federal tax charge' in its prospectus ... and in the variable policy itself, are not misrepresentations, nor would they be material misrepresentations, under Section 10(b) of the Securities Exchange Act of 1934...."

The district court's decision improperly determined that Pacific Life's statements were neither misrepresentations nor material. These were questions of fact which should not have been resolved at the pleading stage in this litigation. "Whether an omission is material is a determination that requires delicate assessments of the inferences a reasonable shareholder would draw from a given set of facts and the significance of those inferences to him, and

these assessments are peculiarly ones for the trier of fact." *Provenz v. Miller*, 102 F.3d 1478, 1489 (9th Cir.1996) (internal quotation marks omitted).

Because the district court should not have made the factual determination that the alleged misrepresentations are neither misrepresentations nor material on a 12(b)(6) motion to dismiss for failure to state a claim, and because the complaint admittedly states the elements of securities fraud with sufficient precision, we VACATE the district court's order dismissing Saeger's First Amended Complaint, and REMAND for further proceedings consistent with this decision.

---

**2.** The exchange at oral argument was as follows:

Q: ... You're not claiming they didn't plead this with specificity, you're saying it's not false, it's not material?

Counsel: Exactly. We're saying it wouldn't make a dime's bit of difference to the average reasonable investor, because if you put before the average reasonable investor the full blown accurate paraphrase of the amortization consequences of section 848 of the Internal Revenue Code, the average reasonable investor would make the same decision as if it had been presented as we're making a 1.5% premium load for a federal tax charge.