In re: **COMPUTERIZED THERMAL IMAGING, INC., Securities, Litigation,**

**Jeffrey N. Brown, on behalf of Himself and Others Similarly Situated; Joanne Maclaine; Ronald W. Nalbandian, Plaintiffs,**

and

**Crawford Croft; Catherine Croft; Arceri Dressler; Robert Dressler, On behalf of themselves and all others similarly situated, Plaintiffs—Appellants,**

v.

**Computerized Thermal Imaging, Inc.; David Packer; Richard Secord; John Brenna; Bernard Brady; David Johnson, Defendants—Appellees.**

No. 03–35449.

D.C. No. CV–02–00611–GMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2004.

Decided Aug. 11, 2004.

Justine Fischer, Law Office of Justine Fischer, Portland, OR, Michael Braun, Marc L. Godino, Esq., Braun Law Group, PC, Los Angeles, CA, for Plaintiff.

Timothy J. Burke, Patrice Bishop, Stull Stull & Brody, Los Angeles, CA, Justine Fischer, Law Office of Justine Fischer, Portland, OR, John G. Emerson, Scott E. Poynter, Emerson Poynter LLP, Little Rock, AR, Michael Braun, Marc L. Godino,

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Braun Law Group, PC, Los Angeles, CA, for Plaintiff–Appellant.

Rodney Lewis, Jr., Ragen, Roberts, Tremaine, Krieger, Schmeer, O'Scannlain, etc., Timothy R. Volpert, Esq., Davis, Wright, Tremaine, Shane Abma, Davis Wright Tremaine, Charles R. Markley, Greene & Markley, Portland, OR, for Defendant–Appellee.

Before REAVLEY,[*] W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM[**]

We review de novo a district court's dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1060 (9th Cir.2000).

The plaintiffs' complaint was properly dismissed because it failed to adequately plead the element of scienter. The complaint employs language that was quoted verbatim from the defendant's counterclaim allegations in the Packer matter. These general allegations are not detailed enough to satisfy 15 U.S.C. § 78u–4(b)(2), which requires plaintiffs to "state with particularity facts giving rise to a strong inference that [CTI and the individual defendants] acted with the required state of mind." Because we find that these statements failed to meet the Private Securities Litigation Reform Act's pleading requirements, we need not decide whether statements 1–4 also fall within the Act's safe-harbor provision.

We also agree with the district court that statements 6 and 7 were immaterial as a matter of law. Although both statements may have been incomplete, they were not misleading because they did not create the "impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir.2002).

A district court's denial of leave to amend is reviewed for abuse of discretion. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir.2002). Here, the plaintiffs never requested leave to amend and the district court did not abuse its discretion by *sua sponte* offering them that opportunity with respect to a few selected statements.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

