Mohammad YOUSEFI, Plaintiff,

and

James Corbin; City of Philadelphia Board of Pensions and Retirement, on behalf of themselves and all others similarly situated, Plaintiffs—Appellants,

v.

LOCKHEED MARTIN CORPORATION; Vance Coffman; Marcus Bennett; Norman Augustine; Vincent Marafino; James Blackwell; Thomas Corcoran, Defendants—Appellees.

No. 03–55706.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2005.

Decided Feb. 23, 2005.

Karen T. Rogers, Milberg Weiss Bershad Hynes & Lerach, Los Angeles, CA, Joseph D. Daley, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA, for Plaintiff/Plaintiffs–Appellants.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Eric A. Isaacson, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA, for Plaintiffs–Appellants.

B. Boyd Hight, Esq., Seth Alben Aronson, Esq., O'Melveny & Myers, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: HUG, THOMPSON, and HAWKINS, Circuit Judges.

### MEMORANDUM *

We affirm the district court's dismissal of Plaintiffs' claims alleging that Defendants Lockheed Martin ("Lockheed") and six directors and officers violated securities laws by making false and misleading statements to inflate Lockheed's stock price.

The district court correctly found the statements to be "forward-looking" and thus subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA") safe harbor, 15 U.S.C. § 78u–5. Accordingly, Plaintiffs must state with particularity facts giving rise to a strong inference that Defendants actually knew their statements to be false or misleading. 15 U.S.C. §§ 78u–4(b)(2), 78u–5(c)(1)(B). Looking at each allegation, as well as the totality of the allegations, Plaintiffs failed to plead sufficient facts showing any Defendant's actual knowledge that any statement was false or misleading when made. Moreover, the district court correctly calculated the number of shares sold by insiders and found the alleged insider trading did not bolster an inference of the requisite scienter.

Under *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir.2002), the district court fulfilled its obligation to "consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." None of the court's inferences drawn against the Plaintiffs were unreasonable or merit reversal.

Because these grounds support affirmance of the dismissal of Plaintiffs' action, we do not reach the district court's alternative holding regarding the continuing validity of the group-publication doctrine after the enactment of the PSLRA.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.