Brian EVANS, Plaintiff—Appellant,

v.

Frank PETERSON; et al., Defendants—Appellees.

No. 04–16528.

D.C. No. CV–04–00135–HG.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 13, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian Evans, Las Vegas, NV, pro se.

Nenad Krek, Carlsmith Ball LLP, Honolulu, HI, Bruce E. Van Dalsem, Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP, Los Angeles, CA, for Defendants—Appellees.

Before SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

## MEMORANDUM**

Brian Evans, a professional singer, appeals pro se the district court's dismissal of his diversity action alleging fraud and breach of a recording contract against Frank Peterson, a German music producer, Nemo Studios, a German music recording company, and Sarah Brightman, a British singer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination that it lacks personal jurisdiction, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004), and review for abuse of discretion the district court's denial of leave to amend, *Gompper v. VISX, Inc.*,

298 F.3d 893, 898 (9th Cir.2002). We affirm.

Evans did not allege that the defendants had "continuous and systematic general business contacts" with Hawaii upon which general jurisdiction could be based. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Similarly, Evans failed to show a basis for specific jurisdiction because he did not allege facts indicating that his claim arose from the defendants' forum-related acts, that the defendants purposefully availed themselves of the privilege of conducting activities in Hawaii, that the defendants' conduct and connection with Hawaii were such that they could have reasonably anticipated being haled into court there, and that jurisdiction over the defendants would comport with fair play and substantial justice. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Accordingly, the district court properly concluded that it lacked personal jurisdiction over the defendants.

The district court did not abuse its discretion when it dismissed Evans' complaint without leave to amend, because the moving papers and oral argument revealed that amendment would be futile. *See Gompper,* 298 F.3d at 898.

**AFFIRMED.**