**In re: ASPEON, INC. SECURITIES LITIGATION,**

**Eminence Capital, LLC, Plaintiff—Appellant,**

v.

**Aspeon, Inc.; Richard P. Stack; Horace M. Hertz, Defendants—Appellees.**

**No. 04–55651.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Decided Feb. 23, 2006.

Solomon B. Cera, Esq., Law Offices of David B. Gold, Thomas C. Bright, Esq., Gold Bennett Cera & Sidener, LLP, San Francisco, CA, for Plaintiff–Appellant.

Peter M. Stone, Paul, Hastings, Janofsky & Walker, Costa Mesa, CA, Donald A. Daucher, Esq., Paul Hastings Janofsky & Walker, LLP, San Diego, CA, for Defendants–Appellees.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM *

Appellant Eminence Capital, LLC ("Eminence Capital") as lead plaintiff brought suit against Aspeon, Inc. ("Aspeon") under §§ 10(b) and 20(a) of the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Securities Exchange Act of 1934. The district court dismissed Eminence Capital's third amended complaint with prejudice under F.R.C.P. 12(b)(6). Eminence Capital appeals. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I

We review the dismissal of a complaint for failure to state a claim de novo. *In re Daou Sys., Inc. Sec. Litig.,* 411 F.3d 1006, 1013 (9th Cir.2005). All allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff; however, as a result of the heightened pleading requirements of the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u–4(b), "the court must consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." *Gompper v. VISX, Inc.,* 298 F.3d 893, 896–97 (9th Cir. 2002).

II

Section 10(b) of the Securities Exchange Act and Rule 10b–5 promulgated thereunder prohibit the making of false statements of material fact relating to the purchase or sale of securities. 15 U.S.C. § 78j; 17 C.F.R. § 240.10b–5(b). When making a claim of securities fraud under § 10(b), the PSLRA requires that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). In this circuit, the required state of mind is deliberate or conscious recklessness. *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 979 (9th Cir.1999).

The complaint alleges that Aspeon's reports and accompanying press releases for the periods ending September 30, 1999, December 31, 1999 and March 31, 2000 contained materially false and misleading information that caused its shares to trade at an artificially inflated rate during the class period. The district court dismissed the complaint on the grounds that it failed to allege facts giving rise to a strong inference that defendants acted with deliberate or conscious recklessness. On appeal, Eminence Capital argues that a number of allegations in the complaint are sufficient to raise such an inference.

■ The allegations in the complaint relating to audit obstruction are not sufficiently particularized to raise a strong inference of scienter. The complaint alleges that Aspeon supplied "incomplete or inaccurate" information in response to requests from the auditors and that, according to one auditor, Aspeon's chief executive officer threw up "obstacles" to the audit. The complaint does not detail the way in which the information was inaccurate or what the alleged obstacles were. Further, general allegations of motive, such as that Aspeon undertook this obstruction in order to facilitate its manipulation of financial data, without specific corroborating facts are insufficient to raise a strong inference of conscious or deliberately reckless conduct. *See In re Silicon Graphics,* 183 F.3d at 979.

■ Eminence Capital also points to allegations of Generally Accepted Accounting Procedures (GAAP) violations, including improper revenue recognition, failure to write down obsolete inventory and failure to increase warranty reserves. In *In re Daou Systems, Inc. Securities Litigation,* this court determined that "[v]iolations of GAAP standards can ... provide evidence of scienter," and relied on the combination of "widespread and significant" inflation of revenue and "specific allegations of [top executives'] direct involvement in the production of false accounting statements" to find the complaint raised a

strong inference of scienter. 411 F.3d at 1016, 1020, 1023. The complaint here fails to make specific allegations of Defendants' direct involvement, and instead relies on their involvement in the transactions and pre-existing knowledge of the proper way to recognize revenue. Generic allegations showing at most that Defendants engaged in a "hands on" management style within the company will not give rise to a strong inference of conscious or deliberate recklessness without particularized allegations indicating involvement in or knowledge of the fraud. *Compare In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1087 (9th Cir. 2002) (allegations that defendants interacted with corporate employees, attended management meetings and received weekly reports from the finance department insufficient to establish scienter), *with Nursing Home Pension Fund v. Oracle Corp.*, 380 F.3d 1226, 1232–34 (9th Cir. 2004) (*"Oracle"*) (allegations that defendants admitted to being involved in an "awful lot" of the disputed transactions as well as monitored and utilized a worldwide database which enabled up-to-the-minute access to financial information sufficient to establish scienter). The allegations in the complaint that Defendants monitored Aspeon on a day to day basis, received weekly reports from the accounting department and attended frequent meetings are more analogous to those found insufficient in *In re Vantive Corp.* than those found sufficient in *Oracle.*

■ The allegations that Aspeon lacked internal controls are similarly insufficient. The complaint refers to a PowerPoint presentation and other communications to senior management indicating that the company's accounting system was "disorganized" and needed "enhanc[ement]." Eminence Capital argues the company's failure to implement suggestions to consolidate the accounting system are evidence of scienter. Notably, the complaint fails to present facts sufficient to show that Defendants ever received these communications, again relying on their management of the company. In addition, even assuming Defendants received these communications, the allegations only demonstrate Aspeon considered, but rejected, suggestions to change the accounting system. The complaint does not create a strong inference that defendants made this decision intending, or with deliberate recklessness to the potential, to mislead. *See In re Silicon Graphics*, 183 F.3d at 979 (to raise a strong inference of scienter, the complaint "must state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent").

■ The issuance of restatements is not an admission that the Defendants knew the reports were false when made. *See In re Ramp Networks, Inc. Secs. Litig.*, 201 F.Supp.2d 1051, 1065 (N.D.Cal.2002); 2 SECURITIES LAW HANDBOOK § 29.10 at 344 (Harold S. Bloomenthal ed., 2005). When restatements have been considered evidence of scienter, the restatements were of considerably greater magnitude than those here. *See In re MicroStrategy*, 115 F.Supp.2d 620, 639 (E.D.Va.2000). The restatements here occurred over three quarters, shuffled funds amongst these quarters such that revenue for the December 1999 quarter actually increased, and, in the end, only demonstrated a revenue reduction of 1.57%. The facts do not give rise to a strong inference the original statements were issued with deliberate or conscious recklessness.

■ Finally, we also note that Aspeon's CEO twice purchased stock during the time that Eminence Capital alleges Aspeon was inflating revenue. While insider trading is not necessary to raise an inference of scienter, *see No. 84 Employer–Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920, 944 (9th Cir.2003) (*"America West"*),

it may provide circumstantial evidence of conscious or deliberately reckless conduct, *see In re Silicon Graphics*, 183 F.3d at 986. Accordingly, the absence of insider trading may raise the opposite inference: a stock purchase may indicate that the corporate insider knew or believed that the issued statements were accurate. *See Gompper*, 298 F.3d at 897 ("[T]he court must consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs.") The purchase of stock by Aspeon's CEO tends to negate the inference of scienter.

### III

The totality of Eminence Capital's allegations are insufficient under the heightened pleading standard of the PSLRA to raise a strong inference that Defendants acted with deliberate or conscious recklessness in issuing the financial statements. The judgment of the district court is AFFIRMED.[1]

---

1. The district court did not address Eminence Capital's claim for controlling person liability under § 20(a). Because we affirm the dismissal of the claim arising under § 10(b), the § 20(a) claim is dismissed as well. *America West*, 320 F.3d at 945.