**Gyorgy FODOR, Plaintiff–Appellant,**

v.

**AOL TIME WARNER, INC.; et al., Defendants–Appellees.**

No. 05–56655.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Jan. 10, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Gyorgy Fodor, Beverly Hills, CA, pro se.

William D. Temko, Esq., Munger Tolles & Olson, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Gyorgy Fodor appeals pro se from the district court's order dismissing his action alleging invasion of privacy, wiretapping, unfair competition, and various other tort and statutory claims. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal order de novo, *see Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004), and we may affirm on any basis fairly supported by the record, *see Vestar Dev. II v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001). We affirm.

Contrary to Fodor's contentions, the district court properly dismissed his first and third claims as time-barred. Although Fodor is correct that the district court's order misstates the date he filed his original complaint in this action, this does not save his first claim for invasion of privacy. Fodor alleges that defendants were unlawfully intercepting his private conversations as early as 1995 in order to further a murderous plot, but he does not explain why he could not have discovered this alleged wrongdoing earlier than 2004. *See Fox v. Ethicon Endo–Surgery, Inc.,* 35 Cal.4th 797, 808, 27 Cal.Rptr.3d 661, 110 P.3d 914 (Cal.2005) ("a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable dili-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gence") (internal quotation marks and citations omitted). Fodor also contends that his third claim for wiretapping should not be time-barred because he acted with "reasonable diligence," but the court was not required to accept his conclusory statement. *See Cholla Ready Mix, Inc.*, 382 F.3d at 973.

■ Fodor's seventh through tenth claims are similarly time-barred. Fodor's allegation that he did not discover the identity or motives of his alleged assailants until 2005 does not render his claim that someone tried to blow up his car in 2001 timely. *See Fox*, 35 Cal.4th at 807, 27 Cal.Rptr.3d 661, 110 P.3d 914 ("The discovery rule ... allows accrual of the cause of action even if the plaintiff does not have reason to suspect the defendant's identity.").

Fodor's challenge to the district court's application of collateral estoppel to the remaining claims is not persuasive.

■ Finally, the district court did not abuse its discretion by dismissing Fodor's action without leave to amend; at oral argument, the district court asked Fodor what additional facts he could allege and determined, from his response, that amendment would be futile. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

Fodor's remaining contentions are without merit.

**AFFIRMED.**