**Jarett J. NEGRETE, Plaintiff–Appellant,**

v.

**TRUSTEES OF the CALIFORNIA STATE UNIVERSITY; et al., Defendants–Appellees.**

No. 06–56195.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 12, 2007.

Donna M. Dean, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA.

Jarett J. Negrete, Gardena, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**10**

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Jarett J. Negrete appeals pro se from the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights during a dispute over a grade he received at California State University at Los Angeles. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Gompper v. VISX, Inc.,* 298 F.3d 893, 895 (9th Cir.2002), and we affirm.

The district court properly dismissed Negrete's substantive due process claim because he did not allege facts sufficient to constitute a claim that the defendants' academic assessment of him was arbitrary. *See Regents of the Univ. of Michigan v. Ewing,* 474 U.S. 214, 223–25, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985).

The district court properly dismissed Negrete's procedural due process claim because the facts alleged established that Negrete was given the opportunity to voice his dissatisfaction about his grade before a duly authorized faculty panel that considered his concerns, and the panel's decision was made with careful deliberation. *See Board of Curators of Univ. of Mo. v. Horowitz,* 435 U.S. 78, 84–91, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978) (discussing the procedural due process required by the Fourteenth Amendment in the context of academic evaluations by public universities).

The district court properly dismissed Negrete's equal protection claim because he did not allege that he was treated differently from similarly situated persons. *See Dillingham v. I.N.S.,* 267 F.3d 996, 1007 (9th Cir.2001).

The district court also properly dismissed Negrete's claims under 42 U.S.C. § 1985 because his conclusory allegations of conspiracy, without any factual support, are not sufficient to demonstrate a conspiracy to deprive him of his civil rights. *See Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 626 (9th Cir.1988).

Contrary to Negrete's contention, the district court properly dismissed his complaint with prejudice because amendment would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.