NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT J. KAPLAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GERARD P. CHARLIER; et al., <br><br> Defendants - Appellees. | No. 09-17418 <br><br> D.C. No. 2:07-cv-00849-LDG-GWF <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Argued and Submitted March 17, 2011
San Francisco, California

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Plaintiff Robert J. Kaplan appeals from the district court's dismissal, for failure to state a claim, of his complaint alleging securities fraud by Gaming Partners International (GPI) and its executives. We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Kaplan alleges that GPI's financial statements contained materially false or misleading statements regarding GPI's products, business prospects, and accounting practices. However, Kaplan has failed to meet the requirement that a plaintiff "plead with particularity both falsity and scienter." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).

A statement is misleading if it "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Trans. Hosp. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). None of the identified statements about GPI's products and business prospects are misleading. Instead, Kaplan's complaint is based on a fundamental misreading of these statements. The complaint rests on the premise that GPI held itself out as a provider of a "complete package" of gaming chips, hardware, and software to casinos, but there is no indication in any of the identified statements that GPI represented itself to be anything other than a manufacturer of gambling products. In fact, the complaint itself describes GPI as engaged:

> in the manufacture and supply of casino table game equipment to casinos worldwide. It offers gaming chips, table layouts, wheels, playing cards, dice, gaming furniture, and miscellaneous table accessories, including chip trays, drop boxes, and dealing shoes, which are used in conjunction with casino table games, such as blackjack, poker, baccarat, craps, and roulette.

2

Notably absent from this list is any indication that GPI produces software or any other technology to be used in conjunction with its gambling equipment.

Like the district court, we have reviewed the statements listed in the complaint and find none of them misleading. The district court did not err by not explicitly addressing each statement, nor will we do so here. All these statements do is describe GPI as a lead manufacturer of gaming chips containing microchips. There is no allegation that this fact is not true.

During oral argument, counsel emphasized the announcement of GPI's strategic partnership with another company as evidence that GPI held itself out as more than a gaming equipment manufacturer. This announcement did discuss providing "an all encompassing platform, everything from gaming currency - to equipment - to software." However, the other company in the partnership produced software and hardware to use with GPI's chips. As stated in the announcement, it was only through the "combin[ed] synergistic expertise of both companies" that the all encompassing platform was to be produced. If anything, this statement further illustrates that GPI made clear to its investors that it was solely in the business of selling gaming chips.

In regards to statements about GPI's accounting practices, the complaint is devoid of facts sufficient to create "a strong inference that the defendant acted with an intent to deceive, manipulate, or defraud." *Meltzer Invest. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1062 (9th Cir. 2008). It contains no facts suggesting that anyone knew about the accounting problems prior to their discovery during preparation of the 2006 10-K. As the Second Circuit has noted "[c]orporate officials need not be clairvoyant; they are only responsible for revealing those material facts reasonably available to them." *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000); *see Glazer Capital Mgmt., LP. v. Magistri*, 549 F.3d 736, 747 (9th Cir. 2008) (no scienter where it would not be "absurd to suggest" that management was unaware of problems).

Nor does "corporate management's general awareness of the day-to-day workings of the company's business . . . establish scienter-at least absent some additional allegation of specific information conveyed to management and related to the fraud." *Meltzer*, 540 F.3d at 1068. General allegations of GAAP violations or accounting irregularities are insufficient to establish scienter. *See id.* at 1069. We have also held that "[b]oilerplate language in a corporation's 10-K form, or required certifications under Sarbanes-Oxley

section 302(a) . . . add nothing substantial to the scienter calculus." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1003-04 (9th Cir. 2009).

While the complaint makes a general allegation that GPI's management knew about the problems, it does not plead any facts to back up this conclusory statement. At most the complaint alleges facts sufficient to show that the GPI's management was negligent in failing to ensure adequate internal controls and accounting staff, but negligence is an insufficient scienter for securities fraud. *See Santa Fe Indus. v. Green*, 430 U.S. 462, 479 (1977) ("Congress by § 10(b) did not seek to regulate transactions which constitute no more than internal corporate mismanagement.").

Since it fails to properly allege a cause of action, the complaint was properly dismissed. The district court did not abuse its discretion in denying Kaplan the opportunity to amend the complaint. The bulk of Kaplan's claims rest on a distortion of statements in GPI's financial statements. Kaplan has already been allowed to amend his complaint, to no avail. It is clear that this complaint cannot be saved by further amendment. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (denying leave to amend because of "repeated failure to cure deficiencies"); *Meltzer*, 540 F.3d at 1072 ("[T]he district court's discretion to deny leave to

5

amend is particularly broad where plaintiff has previously amended the complaint.").

**AFFIRMED.**