NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re:  TESLA MOTORS, INC. SECURITIES LITIGATION.  _____  KAZIM ACAR; WILLIAM LANDRUM; PANKAJ MODI, M.D., Ph.D., on behalf of themselves and all others similarly situated,  Plaintiffs-Appellants,  v.  TESLA MOTORS, INC.; ELON MUSK,  Defendants-Appellees. | No. 14-17501  D.C. No. 3:13-cv-05216-CRB  MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 15, 2016
San Francisco, California

Before:  LUCERO,** GRABER, and HURWITZ, Circuit Judges.

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Carlos F. Lucero, Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

Plaintiffs appeal from the district court's order dismissing their complaint for failure to state a claim. Plaintiffs allege that Defendants Tesla Motors, Inc., and Elon Musk (collectively, "Tesla") made false or misleading statements during a three-month period in 2013 concerning the safety of Tesla's Model S car, causing the price of Tesla's stock to be inflated artificially at the time Plaintiffs purchased that stock. Plaintiffs sue both Defendants under section 10(b) of the Securities Exchange Act of 1934 and the Securities and Exchange Commission's Rule 10b-5, and they sue Defendant Musk under section 20(a) of the Securities Exchange Act.

The heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b), apply. "We review the district court's Rule 12(b)(6) dismissal of the . . . complaint de novo and examine the securities fraud complaint to determine whether [Plaintiffs] have complied with the stringent pleading required by the PSLRA." DSAM Glob. Value Fund v. Altris Software, Inc., 288 F.3d 385, 388 (9th Cir. 2002).

1. Plaintiffs have failed to allege any materially false or misleading statements made by Defendants. Almost all of the allegedly false or misleading statements were true, and those few statements that arguably were misleading were not materially misleading. See Reese v. Malone, 747 F.3d 557, 568 (9th Cir. 2014) (defining materiality). Nor have Plaintiffs alleged any omission the disclosure of

2

which was "necessary to make statements made, in the light of the circumstances under which they were made, not misleading." In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1054 (9th Cir. 2014) (internal quotation marks and alterations omitted).

2.  Because Plaintiffs have failed to allege any materially false or misleading statements or omissions, we need not reach the question whether they have pleaded scienter adequately.

3.  The district court did not abuse its discretion in dismissing the second amended complaint without further leave to amend. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (stating standard of review). It is clear that the new allegations that Plaintiffs would include in a third amended complaint[1] would not "save" the complaint. Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991).

**AFFIRMED.**

---

[1] The new allegations were included in Plaintiffs' response to Tesla's Rule 59 motion in the district court.