NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF LOS ANGELES AIHM HOTEL/MOTEL ASSOCIATION, in its representative capacity on behalf of its association members and Individual Plaintiffs Hotel/Motel Owners and Operators; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal corporation; et al., <br><br> Defendants-Appellees. | No. 19-56399 <br><br> D.C. No. 2:18-cv-01295-DMG <br><br> MEMORANDUM* |
| APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal corporation; et al., <br><br> Defendants-Appellees. | No. 19-56403 <br><br> D.C. No. 2:17-cv-09306-DMG |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted June 11, 2021
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and SEEBORG,** Chief District Judge.

The district court granted judgment on the pleadings in two nearly identical § 1983 actions challenging the constitutionality of Los Angeles's Rent Stabilization Ordinance ("Ordinance"). We have jurisdiction over these consolidated appeals pursuant to 28 U.S.C. § 1291. Our review is de novo, except for the district court's denial of leave to amend, which we review for abuse of discretion. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). We affirm.

Plaintiffs' Fourth Amendment theories are without merit. The information sought by the Ordinance's annual reporting requirement—including a given unit's address, monthly rent, and other details routinely found in a "for-rent" advertisement—does not give rise to a reasonable expectation of privacy. *Hotop v. City of San Jose*, 982 F.3d 710, 715–16 (9th Cir. 2020). Insofar as Plaintiffs maintain paper records of such information, the Ordinance does not authorize

---

** The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

2

governmental trespass upon those papers. *See Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015) (observing that a search occurs under the common-law trespassory test "when the government 'physically occupie[s] private property for the purpose of obtaining information'") (quoting *United States v. Jones*, 565 U.S. 400, 404 (2012)). Indeed, it is far from clear whether the particular information-collection method challenged here (*i.e.,* a regulatory process eliciting annual disclosures) even effects a Fourth Amendment "search." *See Hotop*, 982 F.3d at 720–21 (Bennett, J., concurring).

Plaintiffs' remaining claims are similarly infirm. First, regarding substantive and procedural due process, Plaintiffs fail to show "that . . . they were deprived of a constitutionally protected life, liberty or property interest." *See id.* at 718 (internal quotation marks and citations omitted). Second, regarding the Equal Protection Clause, landlords "are not members of a suspect class," and "the distinctions drawn by the Ordinance," between properties that are and are not subject to rent stabilization, "easily . . . survive rational basis review." *See id.* at 717. Third, regarding the "unconstitutional conditions" doctrine, Plaintiffs "have shown no unconstitutionality" in what the Ordinance asks them to do. *See id.* at 719.

The district court properly denied Plaintiffs' requests for leave to amend their respective complaints by adding Takings Clause claims. The complaints

3

omitted any factual averments supporting a Takings Clause claim, and the requests for leave to amend made clear no such averments would be forthcoming were leave granted. Together, these circumstances implicated concerns going to prejudice and delay. That the district court acted on these concerns was not an abuse of discretion.

**AFFIRMED.**