NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT M. DALE, | No. 22-56031 |
| Plaintiff-Appellant, | D.C. No. 8:22-cv-00832-JVS-JDE |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 15, 2023
San Francisco, California

Before: S.R. THOMAS and MENDOZA, Circuit Judges, and OLIVER,** District Judge.

Plaintiff-Appellant Robert M. Dale ("Dale") appeals the district court's

order denying him leave to amend his complaint a second time and granting

Defendant-Appellee Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Solomon Oliver, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

As the parties are familiar with the facts, we do not recount them here. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review the district court's denial of leave to amend for abuse of discretion. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). When denial of leave to amend is premised on a finding of futility, denial is only proper if it is clear, upon de novo review, that the complaint could not be saved by any amendment. *Id.* We reverse.

Courts consider five factors when deciding to grant or deny leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) the plaintiff's prior opportunities to amend. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Here, the district court denied Dale's request to reassert his breach of contract claim on the basis of futility, finding that the claim would be preempted by the Home Affordable Modification Program ("HAMP") and the Home Owner's Loan Act ("HOLA"). We find that the district court abused its discretion by denying Dale leave to amend because its preemption determination constituted legal error. *See Telesaurus VPC, LLC, v. Power*, 623 F.3d 998, 1006 (9th Cir. 2010) (concluding the district court abused its discretion by denying leave to amend where the court's basis for denial was incorrect as a matter of law).

The district court abused its discretion by concluding that amendment would

2

be futile because Dale's breach of contract claim would be preempted by HAMP and HOLA. Wells Fargo never alleged that Dale's original breach of contract claim was preempted by HOLA. Moreover, we have explicitly stated that HOLA does not preempt state breach of contract claims because "it is the parties' own agreement, rather than [] state law, that imposes any requirements on Wells Fargo." *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 972 (9th Cir. 2017). While the district court concluded that Dale's revised contract claim as pleaded in his amended complaint was preempted by HOLA because it imposed new requirements on the bank's lending operations, there is nothing in the record suggesting that his original contract claim did the same. Therefore, the district court abused its discretion by resting its denial of leave on HOLA preemption.

In dismissing Dale's amended complaint, the district court explained that there is no express or implied right of action to sue lenders for a HAMP violation, and HAMP claims masquerading as state law claims are also impermissible. However, this court has recognized a right to sue for breach of contract for alleged HAMP violations in certain circumstances. *See Corvello v. Wells Fargo, N.A.*, 728 F.3d 878, 884 (9th Cir. 2013) (per curiam). In *Corvello*, we explained that borrowers have valid breach of contract claims where, as here, the borrowers allege that they have complied with the requirements of a trial period plan agreement under HAMP, and the loan servicer has failed to offer a permanent loan

3

modification or properly notify the borrowers of their ineligibility. *Id.* Therefore, to conclude that HAMP preempts Dale from bringing any claim, namely a breach of contract claim, was incorrect as a matter of law.

This abuse of discretion is compounded by the fact that the district court denied Wells Fargo's motion to dismiss this very same breach of contract claim over Wells Fargo's argument that it was preempted by HAMP, implicitly rejecting the argument that the claim is HAMP preempted. Therefore, it appears that Dale's complaint might have been saved by granting him leave to reassert his contract claim that had survived a motion to dismiss. *See Manzarek*, 519 F.3d at 1031 (noting that granting dismissal without leave to amend is improper "unless it is clear, upon de novo review, that the complaint could not be saved by any amendment") (citing *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)).

Because we have recognized the viability of claims for breach of a trial period plan agreement, *Corvello*, 728 F.3d at 884, it was an abuse of discretion to conclude that granting Dale leave to add such a claim would be futile due to HAMP or HOLA preemption. *See Manzarek*, 519 F.3d at 1034 ("An outright refusal to grant leave to amend without a justifying reason is…an abuse of discretion.").

**REVERSED.**

4