NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA DAVID DINNERMAN; PAUL FEINBERG, individually and on behalf of all others similarly situated; PACIFIC INFORMATION TECHNOLOGIES, an Arizona corporation; PACIFIC BUSINESS KK; TECHNOLOGY DESIGN SYSTEMS, LTD., a Hong Kong corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DATTO, INC., a Connecticut corporation, as such has a regional office in Irvine, CA; OPEN-MESH INC, an Oregon corporation, <br><br> Defendants - Appellees. | No. 24-5830 <br><br> D.C. No. 8:23-cv-02301-JLS-DFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted June 6, 2025**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Joshua Dinnerman, Paul Feinberg, Pacific Information Technologies, Pacific Business KK, and Technology Design Systems, Ltd. (collectively, "plaintiffs") appeal from the district court's order dismissing their complaint against Datto, Inc. and its subsidiary, Open Mesh, Inc. (collectively, "Open Mesh"). Plaintiffs alleged that Open Mesh breached a promise to provide purchasers of its "cloud-managed network devices" with a "lifetime cloud license" and "automatic firmware updates" by requiring them to pay a monthly subscription fee to obtain those services. We review the district court's dismissal of a complaint for failure to state a claim de novo and its denial of leave to amend for abuse of discretion. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 895, 898 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by denying plaintiffs leave to amend their fraud claims. The district court concluded that further amendment would be futile because plaintiffs remained unable to plead the core elements of their fraud claims after "four motions to dismiss across two actions." Plaintiffs argue that they "should have been given another opportunity to cure the alleged pleading deficiencies," but they do not explain why the previous opportunities to do so were insufficient or how they would have done so if given a fifth chance. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)

2

(finding no abuse of discretion in denying leave to amend where "the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities"); *see also In re Cloudera, Inc.*, 121 F.4th 1180, 1190–91 (9th Cir. 2024) (same).

2. The district court correctly determined that plaintiffs abandoned their breach of contract claim. In their opposition to Open Mesh's motion to dismiss, plaintiffs did not mention the claim. And in their brief before this court, they do not challenge the finding of abandonment.

3. The district court did not err in dismissing plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, nor abuse its discretion by denying leave to amend. This claim requires a plausible allegation that plaintiffs had a contract with Open Mesh. *See Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 698 (Ct. App. 2010). But plaintiffs alleged that they purchased the devices from a third-party retailer. Even assuming that plaintiffs had a contract with that retailer, plaintiffs do not explain how Open Mesh became a party to it.

Plaintiffs argue that the district court should have permitted them to amend to "clarify the basis of their contractual claims," but they do not explain how they would do so or why they failed to do so after the district court identified the pleading deficiencies in response to Open Mesh's previous motion to dismiss. *See Hernandez*, 666 F.3d at 636.

4. The district court did not err in dismissing plaintiffs' express warranty

claim, nor abuse its discretion by denying leave to amend. Plaintiffs alleged that Open Mesh breached its express warranty to provide "lifetime cloud access" by denying Feinberg the ability to freely transfer his Open Mesh device between networks. But as Open Mesh pointed out before the district court, plaintiffs did not allege that they complied with the network-transfer provision in the express warranty. Plaintiffs do not argue on appeal that they complied with that provision or that compliance was somehow excused.

As with their other claims, plaintiffs were given multiple opportunities to plead the elements of their claim, but they repeatedly failed to address the defects identified by the district court. They have not explained why the previous opportunities were insufficient or what they would do differently if given another chance. *See Hernandez*, 666 F.3d at 636.

**AFFIRMED.**