Marsha **BRODERICK**, on behalf of herself and all others similarly situated, Plaintiff—Appellant,

and

Carolyn Hoffman, on behalf of herself and all others similarly situated; Gerald L. Bloom, on behalf of himself and all others similarly situated; IRA Hanna, on behalf of himself and all others similarly situated; Milton Robbins, on behalf of himself and all others similarly situated; Frances Sharer, on behalf of herself and all others similarly situated; John J. Scherer, on behalf on himself and all others similarly situated; Mary Winchester, on behalf of herself and all others similarly situated; Michael T. Kelley, on behalf of himself and all others similarly situated; Raymond C. Hawkins, on behalf of himself and all others similarly situated; Morton Appleton, on behalf of himself and all others similarly situated; Harriet Bloom, on behalf of herself and all others similarly situated; Robert L. Bowels, Jr.; Charles H. Robbins; Jack M. Mazur, Plaintiffs,

v.

**PRICEWATERHOUSECOOPERS LLP, Defendant—Appellee.**

No. 04–56057.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Decided Feb. 23, 2006.

Todd Collins, Berger & Montague, Philadelphia, PA, Kurt B. Olsen, Esq., Klafter & Olsen, LLP, Washington, DC, for Plaintiff—Appellant and Plaintiffs.

Dean J. Kitchens, Esq., Gibson, Dunn and Crutcher, LLP, Los Angeles, CA, for Defendant—Appellee.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM *

Plaintiffs, a class of PHP Healthcare, Inc. ("PHP") stockholders, appeal the district court's grant of Pricewaterhouse-Coopers' ("PWC") motion to dismiss the third amended complaint for failure to plead with particularity as required by the Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(b). We affirm.

The parties are familiar with the facts of the case. We need not repeat them here.

We review de novo the dismissal of Plaintiffs' third amended complaint. *See DSAM Global Value Fund v. Altris Software, Inc.,* 288 F.3d 385, 388 (9th Cir. 2002). "All allegations of material fact made in the complaint are taken as true and construed in the light most favorable to the plaintiff." *No. 84 Employer–Teamster Joint Council Pension Trust Fund v. America West Holding Corp.,* 320 F.3d 920, 931 (9th Cir.2003). The pleading requirements of the PSLRA are more stringent than those required by the Federal Rule of Civil Procedure 12(b)(6). *Desaigoudar v. Meyercord,* 223 F.3d 1020, 1021 (9th Cir.2000). We "consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable

to the plaintiffs." *Gompper v. VISX, Inc.,* 298 F.3d 893, 897 (9th Cir.2002).

Plaintiffs claim that this action should proceed to trial because PWC violated § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. To state a claim under § 10(b) and Rule 10b–5, Plaintiffs must show (1) a misstatement or omission (2) of material fact (3) made with scienter (4) on which Plaintiffs relied (5) which proximately caused their injury. *DSAM,* 288 F.3d at 388. Under the PSLRA, we "must determine whether particular facts in the complaint, taken as a whole, raise a strong inference that defendants intentionally or with deliberate recklessness made false or misleading statements." *No. 84 Employer–Teamster,* 320 F.3d at 932 (quoting *Ronconi v. Larkin,* 253 F.3d 423, 429 (9th Cir.2001)) (internal alteration marks omitted); *see also In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 974 (9th Cir. 1999).

█ Plaintiffs fail to allege with sufficient particularity that PWC's representations regarding PHP's contracts with Blue Cross and Blue Shield of New Jersey ("BCBSNJ") amount to more than negligence on PWC's part. *See DSAM,* 288 F.3d at 389 (simple or inexcusable negligence is insufficient under the PSLRA). Identification of the transaction as a "Significant Audit Issue" might suggest exactly the opposite of what Plaintiffs allege: that PWC was advising PHP on lawful ways to structure favorably the transactions. *See Gompper,* 298 F.3d at 897. Plaintiffs' exhibits only demonstrate PWC's involvement in determining how to treat these transactions; there is no evidence that PWC advised PHP to violate the Generally Accepted Accounting Principals ("GAAP") then signed off on PHP's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

financial statements as complying with the appropriate accounting and auditing standards with intent to mislead PHP stockholders. Plaintiffs fail to show that PWC *knew* its recommendations constituted a GAAP violation at the time they were made or to raise a strong inference that the recommendations were made with reckless disregard to the potential to mislead. *See DSAM*, 288 F.3d at 387, 390 (violation of GAAP without more is insufficient to plead scienter); *see also In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006, 1016–17 (9th Cir.2005) (inference of scienter requires GAAP violations be pleaded with sufficient particularity). Nor does PHP's letter to the SEC prove that PWC knew its representations were false when made. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 996–97 (9th Cir.1999) (only a later "I knew it all along" admission is sufficient to satisfy the false when made standard).

■ Plaintiffs fail to allege with sufficient particularity that PWC's representations regarding PHP's contracts with the District of Columbia violate the PSLRA. There was no materially false or misleading statement: PHP qualified its remarks with words such as "believes," "Company's … interpretation" and "in management's opinion." Plaintiffs do not allege that the company did not in fact hold such beliefs at the time that the statement was made. *See Desaigoudar*, 223 F.3d at 1023. Nor would it be reasonable for an investor to materially rely on such statements of opinion. *See Basic Inc. v. Levinson*, 485 U.S. 224, 231–32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988); *No. 84 Employer–Teamster*, 320 F.3d at 935. Even if the statements were materially false or misleading, Plaintiffs offer no evidence indicating PWC possessed the required mental state. General allegations of motive and opportunity are inadequate to meet the stringent pleading requirements of the PSLRA. *DSAM*, 288 F.3d at 389.

■ Plaintiffs fail to allege with sufficient particularity that PWC's representations regarding PHP's reporting of HIP Health Plan transactions violate the PSLRA. The documents Plaintiffs present to prove PWC was aware of HIP's precarious financial position equally suggest that PWC and PHP believed it could lawfully operate HIP at a profit. *See Gompper*, 298 F.3d at 897. Plaintiffs fail to prove PWC's assessment of HIP's profitability constituted "a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care.... [T]he mere publication of inaccurate accounting figures, or a failure to follow GAAP, without more, does not establish scienter." *DSAM*, 288 F.3d at 389–90. Plaintiffs only point to evidence that PWC believed *if* PHP could not accomplish one of PWC's proposed routes to profitability, PHP's viability might be a concern. PHP's subsequent bankruptcy does not prove that PWC had knowledge or belief that PHP could not profitably operate HIP at the time it expressed its opinions.

Even taken as a whole, Plaintiffs fail to detail particular evidence demonstrating PWC made materially false or misleading statements while possessing the requisite scienter. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir.2002) (considering whether the total of the plaintiffs' allegations create a strong inference that defendants acted with deliberate or conscious recklessness).

**AFFIRMED.**