In re: ADECCO S.A. SECURITIES LITIGATION.

Alaska Electrical Pension Fund, on behalf of itself and all others similarly situated; Pierre Guibat; Ira Brown; Daniel Taubenfeld; Jack Mund; Joseph Fuller; William Friedman; Kathryn Friedman; Todd Schiff, Plaintiffs,

and

West Virginia Investment Management Board, Plaintiff—Appellant,

v.

Adecco SA; John Bowmer; Jerome Caille; Felix Weber, Defendants—Appellees.

No. 06–55640.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 20, 2007.

Before: FARRIS and PAEZ, Circuit Judges, and BLOCK,* District Judge.

MEMORANDUM**

1. The theory underlying plaintiffs' § 10(b) claims is that various statements

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

attributable to defendants regarding Adecco's financial health were fraudulent because defendants knew that millions of dollars in accounts receivable were uncollectible and not adequately accounted for in Adecco's bad-debt reserves. Reviewing the Consolidated Amended Complaint ("CAC") *de novo, see Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir.2002), and considering it "holistically," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, — U.S. ——, 127 S.Ct. 2499, 2511, 168 L.Ed.2d 179 (2007), we conclude that plaintiffs' allegations of falsity and scienter are insufficient to satisfy the heightened pleading standards of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b). More specifically, we agree with the District Court's well-reasoned conclusion that the CAC does not allege sufficient facts to support the requisite strong inference that defendants knew, prior to writing off millions of accounts receivable in 2003 and 2004, that the receivables were uncollectible and not accounted for in existing bad-debt reserves.

2. Since the District Court correctly dismissed plaintiffs' § 10(b) claims, it did not err in also dismissing plaintiffs' § 20(a) claims. *See Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir.2000) ("In order to prove a prima facie case under § 20(a), plaintiff must prove: (1) a primary violation of federal securities laws ...; and (2) that the defendant exercised actual power or control over the primary violator....").

3. The District Court did not abuse its discretion in denying leave to amend. Its order dismissing the original complaint without prejudice identified the key pleading deficiencies in plaintiffs' claims. Nei-ther the CAC nor the further amendments plaintiffs propose on appeal correct those deficiencies.

**AFFIRMED.**