Israel SHURKIN, on behalf of himself and all others similarly situated, Plaintiff–Appellant,

v.

GOLDEN STATE VINTNERS, INC., Jeffrey J. Brown; Jeffrey B. O'Neill; John G. Kelleher; O'Neill Acquisition Co., LLC; Hank Uberoi, Defendants–Appellees.

No. 07–15762.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Dec. 11, 2008.

Susan K. Alexander, Esquire, Dennis J. Herman, Esquire, Willow E. Radcliffe, Esquire, Sanford Svetcov, Coughlin Stoia Geller Rudman & Robbins, LLP, San Francisco, CA, William S. Lerach, Esquire, Darren J. Robbins, Esquire, Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA, for Plaintiff–Appellant.

Paul J. Collins, Esquire, Jonathan C. Dickey, Esquire, Gibson Dunn & Crutcher, LLP, Palo Alto, CA, Michael Q. Eagan, Esquire, Law Offices of Michael Q. Eagan, Steven N. Sherr, Esquire, Howard Rice Nemerovski Canady Falk & Rabkin, a Professional Corporation, Carl Brandon Wisoff, Esquire, Farella Braun & Martel LLP, San Francisco, CA, for Defendants–Appellees.

Before: BEEZER, ROTH * and BYBEE, Circuit Judges.

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit,

### MEMORANDUM **

Israel Shurkin appeals the dismissal of his securities fraud class action complaint alleging violations of Sections 10(b), 20(A), and 20(a) of the Securities and Exchange Act of 1934 and of Rule 10b–5 promulgated thereunder. This case turns on Shurkin's ability to plead falsity and scienter with respect to the December 23, 2003, proxy statement and the January 20, 2004, press release Golden State Vintners (GSV) issued to its shareholders. We agree with the district court's determination that Shurkin has failed to plead these necessary elements of a securities fraud claim with the requisite specificity under the Private Securities Litigation Reform Act (PSLRA). Therefore, we affirm the dismissal of Shurkin's claims with prejudice.[1]

■ The district court correctly found that none of GSV's statements in the December 23 proxy constitutes securities fraud. Shurkin, in claiming GSV manipulated the data that went into determining the fairness of a $3.25 per share buyout price, relies on confidential witness statements and an assumption that GSV was obligated to provide "real time" financial data. First, the statements he offers fail to provide the sufficient particularity we have required when allowing the use of confidential witnesses to provide supporting facts for plaintiffs' claims. See In re Daou Sys., Inc., 411 F.3d 1006, 1015 (9th Cir.2005). At most these statements demonstrate a disagreement the unnamed witnesses have with the business judgments the defendants have made. Second, Shurkin's allegation that the fairness opinion was fraudulent because it used first quarter financial figures is based on an incorrect reading of the securities laws, which require only periodic not continuous disclosure. Second quarter figures were not available at the time GSV issued the proxy statement. Therefore, Shurkin has not adequately demonstrated the fairness statement was either objectively or subjectively false.

■ We also agree with the district court that none of the statements in the January 20 press release amount to anything resembling securities fraud. As the district court correctly noted, this case is on all fours with our decision in Brody v. Transitional Hospitals Corp., 280 F.3d 997 (9th Cir.2002), where we found no evidence of securities fraud because the Transnational Hospitals Corp. (THC) had not affirmatively stated no merger would occur. Rather, THC made clear via press release that business conditions had improved and that the value of the shares might rise in the near future. Id. at 1006–07.

The same analysis applies to GSV's January 20 press release. The company never affirmatively stated no merger would occur and made clear to shareholders that, contrary to prior unfavorable business conditions necessitating the proposed reverse stock split, market and business conditions had improved. Shurkin was thus on notice that the value of his shares might increase. Shurkin, however, sold his shares upon receiving this good news press release. He now asks this Court to provide redress

sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. This Court reviews dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. See Livid Holdings, Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir.2005). On review, a court must "accept the plaintiffs' allegations as true and construe them in a light most favorable to the plaintiffs." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir.2002).

for his error in judgment. We cannot do so.

We agree also with the district court's dismissal of Shurkin's additional claims, as they are wholly without merit.

Accordingly, we AFFIRM the district court's dismissal of Shurkin's claims WITH PREJUDICE.