NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | | |
|---|---|---|
| AIDS HEALTHCARE FOUNDATION, | ) ) ) | No. 10-55633 |
| Plaintiff – Appellant, | ) ) ) | D.C. No. 2:09-cv-08199-R-PLA |
| v. | ) ) | **MEMORANDUM**<sup>*</sup> |
| TOBY DOUGLAS, Director of the California Department of Health Care Services, | ) ) ) ) ) | |
| Defendant – Appellee. | ) ) ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 12, 2011
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and ERICKSON,<sup>**</sup>
District Judge.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The Honorable Ralph R. Erickson, Chief United States District Judge for the District of North Dakota, sitting by designation.

AIDS Healthcare Foundation (AHF), which is a so-called 340B[1] entity (a safety-net provider) appeals from the district court's dismissal of its complaint[2] with prejudice against The Director of the California Department of Healthcare Services[3] (hereafter the State). We affirm in part, reverse in part, and remand.

(1)    AHF alleged equal protection claims in its first[4] and second[5] causes of action. AHF asserts that the district court erred when it dismissed the causes of action. We agree. We recognize that rational basis review applies to our consideration of these constitutional claims.[6] Courts are reluctant to overturn a statute when that level of review applies,[7] but, rather, presume that the statute is

---

[1]See 42 U.S.C. § 256b.

[2]Fed. R. Civ. P. 12(b)(6).

[3]When this action commenced, David Maxell-Jolly was named, but he has since ceased to be the director and Toby Douglas has taken his place. Pursuant to Fed. R. Civ. P. 25(d), the latter was automatically substituted for the former.

[4]This claim was pursuant to Cal. Const. art. I, § 7, but the parties agree that it is coterminous with the second claim. See Children's Hosp. & Med. Ctr. v. Bonta, 97 Cal. App. 4th 740, 769, 118 Cal. Rptr. 2d 629, 650 (2002).

[5]U.S. Const. amend. XIV, § 1.

[6]See Vacco v. Quill, 521 U.S. 793, 799, 117 S. Ct. 2293, 2297, 138 L. Ed. 2d 834 (1997).

[7]See Gregory v. Ashcroft, 501 U.S. 452, 471, 111 S. Ct. 2395, 2406, 115 L. Ed. 2d 410 (1991).

valid.[8]  Nevertheless, AHF has plausibly pled[9] that the California statute in question here[10] violates its right to equal protection because the reimbursement regime it imposes on AHF does not rationally distinguish between AHF and other similarly situated providers of medications to patients who are covered by Medi-Cal.[11]  Moreover, the State does not point us to, nor do we on this record intuit, a rational basis for that distinction.  We do not posit that no rational basis can be found; we simply have not been made aware of one.[12]

 (2) The district court also determined that in causes of action four and

---

[8]See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985); see also Heller v. Doe, 509 U.S. 312, 320, 113 S. Ct. 2637, 2643, 125 L. Ed. 2d 257 (1993).

[9]See Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

[10]Cal. Welf. & Inst. Code § 14105.46(b) (requires that safety net providers "dispense only 340B drugs to Medi-Cal beneficiaries").

[11]For example, pharmacies that contract with a 340B entity to provide medications are not covered.  Nor, for that matter, are those that do not participate in the 340B program.

[12]See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 591 (9th Cir. 2008); see also Gerhart v. Lake Cnty., 637 F.3d 1013, 1023 & n.9 (9th Cir.), cert. denied, 80 U.S.L.W. 3059 (U.S. Oct. 3, 2011).

3

eight AHF had not plausibly pled a claim based on its assertion that the statute[13] was preempted[14] by federal statutory law designed to preclude so-called double discounts.[15] We agree with that determination. Simply put, no real conflict is spelled out. There is no actual conflict because the state and federal statutes can both easily be complied with; the state statute surely does not present an obstacle to the prevention of double discounts; and there is no indication that Congress intended to occupy the whole field in this part of the cooperative[16] Medicaid program. AHF argues that the district court should have given it leave to amend,[17] even though it did not request that relief.[18] However, neither at the district court nor here did AHF indicate how it could successfully amend,[19] and we are satisfied

---

[13]Cal. Welf. & Inst. Code § 14105.46.

[14]See Hillsborough Cnty. v. Automated Med. Labs., Inc., 471 U.S. 707, 713, 105 S. Ct. 2371, 2375, 85 L. Ed. 2d 714 (1985); Chae v. SLM Corp., 593 F.3d 936, 941 (9th Cir.), cert. denied, ___ U.S. ___, 131 S. Ct. 458, 178 L. Ed. 2d 287 (2010).

[15]See 42 U.S.C. § 256b(a)(5)(A) (prohibiting duplicate discounts or rebates).

[16]See Or. Ass'n of Homes for Aging, Inc. v. Oregon, 5 F.3d 1239, 1241 (9th Cir. 1993).

[17]Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052–53 (9th Cir. 2003).

[18]Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

[19]Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1072 (9th Cir. 2008); Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d

(continued...)

that amendment would be futile.[20] Thus, this claim fails.

(3) AHF also asserts that the district court erred when it dismissed causes of action three,[21] five,[22] and seven.[23] We agree. The State seeks to support the decision on the basis that § 14105.46 does not on its face make any change to the rates or reimbursements to AHF and others. But that is an unduly crabbed view of the matter. AHF has persuasively pled that the statute effectively does exactly that by severely (if indirectly) reducing reimbursement rates to 340B providers. See

---

[19](...continued)
970, 991 (9th Cir. 1999), abrogation on other grounds recognized in Simmonds v. Credit Suisse Sec. (USA) LLC (In re Section 16(b) Litig.), 638 F.3d 1072, 1097 (9th Cir. 2011).

[20]Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

[21]This is a claim that the rate reduction wrought by § 14105.46 is not consistent with the requirements of 42 U.S.C. § 1396a(a)(30)(A).

[22]This is a claim that the rate reduction wrought by § 14105.46 is not consistent with the requirements of 42 C.F.R. § 447.204.

[23]This is a claim that the State instituted a reimbursement reduction without first obtaining a Department of Health and Human Services approval of that amendment to California's Medicaid plan. See 42 U.S.C. § 1396a(b); 42 C.F.R. §§ 430.12, 430.15.

Homes for Aging, 5 F.3d at 1241–42.

AFFIRMED in part,[24] REVERSED in part,[25] and REMANDED.[26]

Each party shall bear its own costs.

---

[24]As to rulings regarding causes of action four and eight.

[25]As to rulings regarding causes of action one, two, three, five, and seven.

[26]The Supreme Court is now considering whether a private party may bring an action under the Supremacy Clause, U.S. Const. art. VI, cl. 2, to enforce the Medicare law. See Douglas v. Indep. Living Ctr., No. 09-958 (U.S. argued Oct. 10, 2011). Its decision might affect the ultimate resolution of this case.

6