**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID COOPER, DBA Sextasy, DBA Show and Tell; EFJ, LLC; INTERACTIVE MEDIA COMMUNICATIONS,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>CLARK COUNTY, NEVADA; VIRGINIA VALENTINE; JACQUELINE HOLLOWAY; NANCY HANCOCK; GARY TORGERSON; DANIEL HIGGINS; BRUCE L. WOODBURY; TOM COLLINS; CHRIS GIUNCHIGLIANI; LAWRENCE WEEKLY; SUSAN BRAGER; RORY REID; CHIP MAXFIELD,<br><br>　　　　Defendants - Appellees. | No. 11-16900<br><br>D.C. No. 2:10-cv-00763-KJD-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted May 9, 2013
San Francisco, California

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

David Cooper challenges the district court's dismissal of his lawsuit for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On a motion to dismiss, we "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011) (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002)). We "will hold a dismissal inappropriate unless the complaint fails to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Cooper has standing under Article III because he alleges that he has been improperly denied a license to which he claims he is legally entitled, and because he requests relief – the restoration of his right to obtain a business license – that a favorable decision would remedy. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992). We affirm the district court's dismissal of Cooper's due process claim based on Clark County's failure to issue or deny his license application in 45 days because Cooper does not allege that the untimely notice interfered with his constitutional rights to notice and "the opportunity to be heard." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950).

We reverse the district court's determination that Cooper failed to state a due process claim based on the County's arbitrary denial of his license application. *See Shanks v. Dressel*, 540 F.3d 1082, 1088-89 (9th Cir. 2008) (noting that an "abuse of power" lacking "any reasonable justification" can be constitutionally arbitrary (internal quotation marks omitted)). "[A] person can have a constitutionally protected property interest in a government benefit, such as a license or permit," *Gerhart v. Lake Cnty.*, 637 F.3d 1013, 1019 (9th Cir. 2011), where the person has "a legitimate claim of entitlement" to that permit, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). The Clark County Code in effect when this lawsuit was filed provided that the County could deny a license to an applicant where the applicant "fail[ed] to comply with any of the provisions of this code," and where the applicant "made false, misleading or fraudulent statements with respect to any material fact contained in the business license application and/or supporting documentation." Clark County Code § 6.04.090. At oral argument, counsel for Clark County conceded that if an applicant for a county license satisfied all of the conditions for the license without making false, misleading, or fraudulent statements, the county must grant the license.

In light of this concession, it is plausible that Clark County denied Cooper a license to which he had a legitimate claim. There are no allegations in the complaint to support the County's contention that Cooper was ineligible for a Restaurant Category 2 license, or that he made any false, misleading, or fraudulent statements. Cooper alleged that his facility had "seating for 12 or more," as the license required. Cooper also applied for a banquet license, which corroborates his contention that he intended to serve food in the facility. Cooper's complaint stated that he "listed 'Sextasy' as the name of the proposed business."

Further, we reverse the district court's determination that Cooper failed to state an equal protection claim. "Where, as here, state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish a 'class of one' equal protection claim by demonstrating that it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (internal quotation marks omitted), *overruled on other grounds as stated in Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007). Cooper alleged that his club was similarly situated to comparable establishments. He also alleged that Clark County "knowingly" awarded permits to other similarly situated establishments while denying him those

4

same permits.  Finally, Cooper alleged that there was no rational basis for a distinction between Cooper's intended business and the businesses of the comparable establishments.

Cooper has also alleged that the denial of his license application is improper because Clark County's statute defining 'specified sexual activities' is unconstitutionally overbroad and vague.  Clark County Code § 30.08.030.  To the extent that Cooper argues overbreadth, we reject that argument for failure to sufficiently allege overbreadth in his complaint.  But Cooper has stated a plausible claim that the statute is unconstitutionally vague by asserting that the statute fails to provide sufficient notice to enable persons to understand what conduct is prohibited.  *See Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983).  We thus reverse the district court's dismissal of Cooper's vagueness claim.

We express no opinion on how this case might be resolved upon development of a factual record and a motion for summary judgment.

**REVERSED.**