NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYNERGY PROJECT MANAGEMENT, INC., | No. 19-17558 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-06763-JST |
| v. | MEMORANDUM* |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted April 26, 2021
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and CORKER,** District Judge.

Synergy Project Management, Inc. appeals the dismissal of its state law claim of intentional interference with contract and federal claims for First Amendment retaliation, stigma-plus due process, and de facto debarment. Synergy also

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Clifton L. Corker, United States District Judge for the Eastern District of Tennessee, sitting by designation.

challenges the district court's denial of leave to amend and its decision to take judicial notice of complaints from previous litigation. We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). We review the denial of leave to amend and decision to take judicial notice for abuse of discretion. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002); *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995). We affirm in part, vacate in part, and remand.

## I.

The district court dismissed Synergy's intentional interference claim, holding that although the City was not a party to the subcontract agreements, it was also not a "stranger to the contracts" because they envisioned the City's performance as the owner. Since the district court's decision, the California Court of Appeal rejected the district court's interpretation of California law. *See Caliber Paving Co., Inc. v. Rexford Indus. Realty & Mgmt., Inc.*, 268 Cal. Rptr. 3d 443, 446 (Cal. Ct. App. 2020) ("[A] defendant who is not a party to the contract . . . is not immune from liability for intentional interference with contract by virtue of having an economic or social interest in the contract."). Given *Caliber*, the City could potentially be liable under a tortious interference theory.

We note that the California Supreme Court recently held that "to state a claim

for interference with an at-will contract by a third party, the plaintiff must allege that the defendant engaged in an independently wrongful act." *Ixchel Pharma, LLC v. Biogen, Inc.*, 470 P.3d 571, 580 (Cal. 2020). Because Ghilotti Brothers, Inc., the general contractor, could remove Synergy in its sole discretion, Synergy's interference claim survives only if Synergy alleged an independently wrongful act. *Id.* The district court did not reach this issue, and we decline to do so in the first instance. We leave it to the district court's discretion to either address this issue on remand or, because no federal claims will remain, to remand the claim to state court for resolution. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); 28 U.S.C. § 1367(c)(3).

## II.

The district court did not abuse its discretion in dismissing Synergy's federal claims without leave to amend because amendment would be futile. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## A

We first address Synergy's First Amendment retaliation claim. An essential element of that claim is that the plaintiff "engaged in protected speech." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).[1] In this context, to be protected,

---

[1] Because they were public records, the district court could take judicial notice of the complaints in Synergy's prior lawsuits to determine whether they constituted protected activity. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

speech must involve "matters of public concern" rather than "matters only of personal interest." *Connick v. Myers*, 461 U.S. 138, 147 (1983). Synergy's prior lawsuits against the City related to payment for services rendered on construction contracts, a quintessential private interest. While Synergy's allegations in the Proposed Fourth Amended Complaint framed the lawsuits as being part of a public effort to obtain the City's compliance with California's prompt payment laws, this recasting does not alter the true "context" of the lawsuits—a private contractual dispute. *Id.*

Although the district court did not reach the issue, Synergy also did not establish the lawsuits were "a 'substantial or motivating' factor" in the City's decision to remove it from the projects, a separate requirement. *Coszalter*, 320 F.3d at 973 (citations omitted). Construing the allegations in the light most favorable to Synergy, the City removed Synergy because of its substandard performance on these projects, not for its prior lawsuits.

B

Under the "'stigma plus' test," a plaintiff may establish a violation of due process "based on governmental defamation" by showing "the public disclosure of a stigmatizing statement by the government . . . *plus* the denial of 'some more tangible interest[ ] such as employment,' or the alteration of a right or status recognized by state law." *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968,

982 (9th Cir. 2002) (quoting *Paul v. Davis*, 424 U.S. 693, 701, 711 (1976)) (emphasis and alteration in original). Synergy's allegations that City officials publicly depicted it as a bad contractor, blamed it for cutting corners, and called it incompetent, are not "severe and genuinely debilitating" and do not "import serious character defects" sufficient to establish a due process violation under the stigma-plus test. *Hyland v. Wonder*, 972 F.2d 1129, 1141–42 (9th Cir. 1992) (quotations omitted).

C

A claim asserting a violation of substantive due process by public employers is limited to "extreme cases, such as a government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 997–98 (9th Cir. 2007) (quotations omitted). Synergy does not allege in either its Third Amended Complaint or its Proposed Fourth Amended Complaint that it could not bid on or obtain contracts with the City. *See id.* at 998 (to prove de facto debarment, the plaintiff "must show that the stigmatizing actions make it virtually impossible for [it] to find new employment" (quotations omitted)).

\*     \*     \*

In sum, we affirm the district court's dismissal of Synergy's federal claims without leave to amend, vacate the district court's dismissal of the intentional interference claim, and remand for further proceedings. Synergy's motion to take judicial notice, filed April 21, 2021 (Dkt. 65), and City and County of San Francisco's motion to take judicial notice (Dkt. 35) are **DENIED**. The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**